Kanner *v.* Best Markets, Inc., Appellant.

Argued November 11, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

Before HAGAN, P. J.

*Richard W. Hopkins,* with him *William R. Hudson,* and *White, Williams & Scott,* for appellant.

*Irving J. Katz,* for appellee.

OPINION BY WATKINS, J., December 17, 1958:

David Kanner brought an action in trespass to recover damages resulting from personal injuries sustained by him when he bumped his face against a clear

glass panel as he attempted to enter the Best Markets, Inc., food market in Philadelphia. Verdict was rendered in favor of plaintiff. Defendant filed motions for new trial and for judgment n.o.v. The lower court refused these motions, hence this appeal.

Verdict having been rendered for plaintiff, we are required to consider the testimony in the light most advantageous to appellee, and to resolve in his favor all doubts and conflicts therein. *Miller v. Pennsylvania R. R. Co.,* 368 Pa. 507, 84 A. 2d 200 (1951).

On the night of September 14, 1955, at approximately 8:20 p.m., plaintiff, who was accompanied by his wife, parked his automobile on the parking lot of defendant's food market preparatory to making purchases. The lights were lit on the parking lot at the time plaintiff parked his car. It was the first time that plaintiff had ever been to the store. He proceeded to the nearest set of doors, which he presumed to be a combination entrance and exit, but which, in fact, was only an exit. There was a canopy over the doors but the lights were not lit on the canopy, nor immediately inside door, although they were lit inside the store proper.

As plaintiff and his wife approached the doors in question, they saw the following: To their left were two closed doors with the word "Out" printed upon each. These two doors were closed and the word "Out" on each door could be seen by plaintiff and his wife. To the right of these two doors was another door which was also intended as a means of egress, with the word "Out" printed on it. This door was open at the time, however, preventing plaintiff and his wife from seeing the printing thereon. Furthermore, this third door was blocked by a line of shopping carts and by a boy who was wheeling carts into the store through it. To the right of the third door there was or not the lights were on or not.

what appeared to be a narrow opening, which plaintiff and his wife took to be another means of entrance.

Plaintiff proceeded to enter the store through what he thought was the right-hand entrance, which, as the situation appeared to him, was the only entrance then available to him. What he thought was an opening, however, was in fact a solid glass panel 18 inches wide, with no lettering on it, and with a chrome strip six inches from the floor. Plaintiff collided with the glass panel and fractured his nose.

Appellant contends the plaintiff failed to show that defendant had a dual or constructive notice that the lights were out. With this we cannot agree. The lights in question cover such an area, and are so located in the store, and considering the number of people who use the exit as a means of leaving the store and admittedly also as a means of entrance, considering all the circumstances, a jury is justified in finding that the condition existed for a sufficient time to amount to constructive notice. *Stais v. Sears-Roebuck and Co.,* 174 Pa. Superior Ct. 498, 102 A. 2d 204 (1954).

Appellant also contends that a person in control of all his faculties who walks into a glass panel which he could have seen had he looked, is guilty of contributory negligence as a matter of law. This, however, is not our case. Plaintiff did not trip or slip on an object at floor level, and as testified, was not looking for pennies but walking at a normal gait and under the circumstances unable to see the chrome base strip, struck the panel.

Defendant offered testimony to show that the construction of this exit conformed with the accepted design of stores of this type, all of which is not disputed. However, the invisibility of clear glass, by its very nature, deceives the most wary. Construction which places clear glass at walk level, at an entrance or exit

of a heavily traversed building, without marking or adequate lighting, gives rise to the possibility of an accident of the very type which occurred in this case. As was noted in the opinion of the court below, "The same combination of facts which justified the jury in finding the defendant negligent also justified them in finding the plaintiff not contributorily negligent. For, if the circumstances were such that plaintiff could have reasonably believed that he was about to walk through an opening, it cannot be said that, in so walking, he failed to act as a reasonably prudent man."

The questions of negligence of the defendant and the contributory negligence of the plaintiff are questions of fact for the jury and the judgment of the court below, or this court should not be substituted therefore, unless its finding is beyond justification.

The defendant in operating a store into which the public is invited has the duty to maintain his premises in a reasonably safe condition for the contemplated uses and, in the absence of a warning, an invitee is entitled to rely on the assumption that the duty has been performed. *Hon v. Percy A. Brown and Company,* 380 Pa. 191, 110 A. 2d 375 (1955).

Appellant's contention that the court erred and abused its discretion in permitting the plaintiff to cross-examine the store manager on testimony which defendant claims exceeded the scope of direct examination is without merit. The cross-examination concerned the store manager's request of the company to change this exit and to make an entrance at this point for the convenience of the patrons or as plaintiff asserted, to alleviate the confusion of patrons.

The court below, in a very clear and careful charge to the jury instructed them that there was no structural defect but that the only question on which he permitted the case to go to the jury was as to whether

We cannot strait-jacket the courts below in their attempts to make a fair and just presentation of all facts and circumstances surrounding the cases before them, on the contrary, considerable latitude must be left to the trial judge, and his action will not be reversed in the absence of an abuse of discretion, or unless obvious disadvantage resulted therefrom to the other party. *Tolomeo v. Harmony et al.*, 349 Pa. 420, 37 A. 2d 511 (1944).

Judgment affirmed.