James C. BENNETT and George Isen-
hower, Appellants,

v.

Carmelita WOOD, for the Benefit of Her-
self and Her Minor Children, William
Michael Wood, Gordon Allen Wood and
Pamela Diane Wood, and Carmelita
Wood, in Her Own Right, Appellee.

No. 16270.

United States Court of Appeals
Eighth Circuit.

Nov. 10, 1959.

Alston Jennings, Little Rock, Ark.
(John M. Harrison, Little Rock, Ark.,
was with him on the brief), for appel-
lants.

Henry Woods, Little Rock, Ark. (Mc-
Math, Leatherman & Woods and James
E. Youngdahl, Little Rock, Ark., were
with him on the brief), for appellee.

Before GARDNER, VOGEL, and
VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The issue involved in this appeal is
the sufficiency of the evidence to support
a verdict and judgment thereon in favor
of the plaintiff in an action for wrongful
death resulting from the collision be-
tween a feed truck operated by plaintiff's
decedent and a carnival truck [1] operated
by defendant Bennett. Diversity of
citizenship jurisdiction is established.

1. In the trial court the truck operated by
the plaintiff's decedent was referred to as

the feed truck and the truck operated by
defendant Bennett was referred to as the

Timely motions for directed verdict and judgment n. o. v. were made by defendants[2] and overruled.

This action was brought by plaintiff, Carmelita Wood, for the benefit of herself and her minor children, to recover damages suffered by reason of the wrongful death of her husband, William M. Wood, in a motor vehicle accident. Plaintiff's action is based on negligence. She claims that her damages were proximately caused by defendant Bennett's negligent operation of defendant Isenhower's carnival truck in the following respects: failure to keep a lookout, failure to control the truck, failure to drive at a careful and lawful speed, failure to yield one-half of the traveled way and to keep on the right side of the highway, and failure to observe the law prohibiting a vehicle from turning from a direct course on the highway before such movement could be made with reasonable safety. By amendment plaintiff asserted that Isenhower was negligent in sending Bennett out to drive the truck at a time when Bennett was unfit to do so because of fatigue resulting from excessive work and loss of sleep.

Defendants denied all the material allegations of the complaint as amended and that they were negligent in any respect charged, and asserted that the accident was caused or contributed to by Mr. Wood's negligence.

The following facts are undisputed. A collision occurred on September 15, 1957, at 4:45 o'clock A. M. on Highway No. 64 at a point five miles west of Clarksville, Arkansas, between the feed truck owned by General Mills and operated by Mr. Wood and the carnival truck owned by defendant Isenhower and operated by defendant Bennett, an employee of Isenhower, acting within the scope of his employment. It is conceded that Isenhower is legally responsible for any negligence in the operation of the carnival truck. Such descriptions will be used in this opinion.

2. Carl and Mary Burkhardt were made defendants to this action on the basis that

truck by Bennett which may be established.

Immediately prior to the collision Mr. Wood was driving the feed truck on the highway in an easterly direction and Mr. Bennett was driving the carnival truck in a westerly direction. The highway is covered by concrete paving 18 feet wide. Each of the trucks was approximately 22 feet long and 7½ feet wide.

Photographs and expert testimony tend to establish the carnival truck struck the feed truck at about a 15 degree angle, the initial impact being just to the rear of the left front axle of the feed truck. The left door of the cab of the feed truck was sheared off and the steel body of said truck was disengaged and landed on the highway perpendicular to the line of traffic, the body covering the south half of the highway and extending 12 to 14 inches north of the center line. Mr. Wood was instantly killed as a result of the collision injuries. The truck he was driving, still in gear, came to rest against a culvert on the north side of the highway, about 165 feet east of the point of impact. The carnival truck came to rest on the north side of the highway, with its rear wheels in the ditch and its front wheels at or near the north edge of the pavement. The road was straight. There was a slight elevation to the west. A light rain was falling, and the pavement and shoulders were wet.

Debris, largely in the form of splinters from the wood body of the carnival truck and glass, was found on the highway, commencing at the center line and extending to the place where the carnival truck came to rest north of the pavement. There was no debris on the south half of the highway, except the steel body of the feed truck, as previously described.

Witnesses who examined the scene of the accident testified that they found no

they were owners of the carnival truck or had an interest therein. The trial court directed a verdict in favor of Burkhardt from which no appeal has been taken.

skidmarks, gouge marks, or spilled oil on the highway, to indicate the location of either of the trucks on the highway at the time of the collision.

Defendant Bennett was the only eye witness to the accident. Bennett was accompanied by Caldwell, a fellow employee, who testified by deposition that he was sleeping at the time of the collision and that he knew nothing about events leading up to the collision. Caldwell, as a result of the accident impact, was thrown through the right half of the windshield of the carnival truck and was found after the accident on the north shoulder of the highway.

■ Plaintiff's case is based entirely on circumstantial evidence. There is some doubt whether the sufficiency of the evidence in a diversity case must be tested under standards prescribed by federal law or under state standards. See Dick v. New York Life Ins. Co., 359 U.S. 437, 444–445, 79 S.Ct. 921, 3 L.Ed.2d 935; Ford Motor Co. v. Mondragon, 8 Cir., 271 F.2d 342. In testing the sufficiency of the evidence, this court has followed the more liberal "more reasonably probable rule," rather than the stricter "exclusion of every other hypothesis rule." Adair v. Reorganization Inv. Co., 8 Cir., 125 F.2d 901, 905; Cudahy Packing Co. v. N. L. R. B., 8 Cir., 116 F.2d 367, 371.

In Penny v. Gulf Refining Co., 217 Ark. 805, 233 S.W.2d 372, 373, the court, in affirming directed verdict for the defendant in an automobile accident case based on circumstantial evidence, states:

"'A directed verdict for the defendant is proper only when there is no substantial evidence from which the jurors as reasonable men could possibly find the issues for the plaintiff. In such circumstances the trial judge must give to the plaintiff's evidence its highest probative value, taking into account all reasonable inferences that may sensibly be deduced from it, and may grant the motion only if the evidence viewed in that light would be so insubstantial as to require him to set aside a verdict for the plaintiff should such a verdict be returned by the jury.' * * * *"

For the purposes of this case we will assume that the Arkansas court follows the more liberal "more reasonably probable rule," and that the same result would be reached regardless of whether standards prescribed by Arkansas law or federal law control.

Courts have uniformly held that verdicts cannot be based solely upon conjecture or speculation. Glidewell v. Arkhola Sand & Gravel Co., 212 Ark. 838, 208 S.W.2d 4, 8; Missouri Pacific R. Co. v. Ross, 194 Ark. 877, 109 S.W.2d 1246, 1249; Adair v. Reorganization Inv. Co., supra; Henry H. Cross Co. v. Simmons, 8 Cir., 96 F.2d 482, 486; 32 C.J.S. Evidence § 1039.

■ The plaintiff and the trial court rely upon Anglen v. Braniff Airways, 8 Cir., 237 F.2d 736, and Continental Can Co. v. Horton, 8 Cir., 250 F.2d 637. Plaintiff cites these cases in support of her contention that a jury can choose between two conflicting theories of a collision. Plaintiff overlooks the limitation that such choice can be made only when the inferences upon which such theories are based can reasonably be drawn from the evidence. That such limitation exists is made clear by a careful examination of the cases as a whole and the rule applied in each of said cases, reading (at page 643 of 250 F.2d):

"* * * 'In a jury case, *where conflicting inferences reasonably can be drawn from the evidence*, it is the function of the jury to determine what inference shall be drawn.' * * * *" (Emphasis supplied.)

In each of the cited cases we determined that evidentiary support existed for the inferences which formed the basis for the liability hypothesis.

■ Our sole problem here is to determine whether there is substantial evidence to support a finding of negligence on the part of the driver of the carnival truck in any of the respects charged. As we have heretofore pointed out, numer-

ous specifications of negligence are asserted. Plaintiff in her brief and argument appears to rely upon the specification of negligence that defendant Bennett failed to yield one-half the traveled way and upon the specification set out in the amendment relating to Bennett's fatigued condition.

We find no substantial evidence to support plaintiff's contention that Bennett failed to yield one-half of the traveled way. All of the evidence that bears on this issue of negligence has heretofore been set out except the testimony of Bennett, the sole eye witness to the accident. Bennett's testimony is that he was at all times on his (the north) half of the highway, that Mr. Wood as he approached was driving north of the center line, and that the accident occurred on defendant Bennett's one-half of the highway.

We recognize that under appropriate circumstances direct testimony can be overcome by circumstantial evidence. We have also held that the fact finder is not compelled to believe the testimony of an interested witness even if it is not directly contradicted. Seletos v. Commissioner, 8 Cir., 254 F.2d 794, 797; Doering v. Buechler, 8 Cir., 146 F.2d 784, 786.

Bennett testified that prior to the accident he pulled partially onto the north shoulder. Although the shoulder was soft and would likely show tire marks, witnesses testified that they found no tracks on the shoulder at the point Bennett claimed he turned onto the shoulder. Such testimony would afford an additional basis for a refusal by the jury to believe Bennett's testimony. In our consideration of this case we have proceeded on the basis that the jury was entitled to discredit Bennett's testimony and give it no consideration.

The rejection of Bennett's testimony relating to the facts surrounding the accident does not aid the plaintiff in establishing her case. The burden is upon the plaintiff to prove negligence which proximately caused the injuries claimed. Defendants do not have the burden of proving freedom from negligence. Glidewell v. Arkhola Sand & Gravel Co., supra, 208 S.W.2d at page 8; Kisor v. Tulsa Rendering Co., D.C.W.D.Ark., 113 F. Supp. 10, 16.

In considering a situation similar to that presented here, the Supreme Court of Wisconsin in McNamer v. American Ins. Co., 267 Wis. 494, 66 N.W.2d 342, 344, states:

"* * * But the fact that the jury was not required to believe him does not establish that he was on the wrong side of the road. The evidence must furnish proof of that fact and the rejection by the jury of his testimony does not of itself supply such proof."

There are many cases in which courts have held that circumstantial evidence offered was sufficient to support an inference of negligence. In such cases the point of collision was established by skidmarks or gouge marks made on the highway by one or both of the colliding cars, or by the character and location of the debris. The facts in each negligence case differ, and citation of cases and comparisons thereof are of but little value.

Plaintiff puts great reliance on East Texas Motor Freight Lines v. Dennis, 214 Ark. 87, 215 S.W.2d 145. That case is factually distinguishable from our present case. There, disputed testimony by an officer traced skidmarks from defendant's vehicle to the wrong side of the road. There was also testimony received relating to charts with answers such as "here" and "there" which were not properly preserved for the record.

In our present case plaintiff places her principal reliance upon evidence that the carnival truck hit the feed truck at a 15 degree angle. She contends that it would be impossible for the carnival truck to hit the feed truck at such an angle and still be on its side of the highway under the circumstances here existing.

Scale drawings of the road and scale cutouts of the trucks were in evidence. A careful study of the road plat and the

cutouts and experiments made in moving the cutouts upon the plat, as well as independent tests we have made, show that plaintiff's contention is true only if plaintiff's truck was being driven straight ahead, that is, parallel to the edge of the pavement. The impact at a 15 degree angle could occur on defendants' side of the road with the carnival truck on the pavement on defendants' side of the road if the feed truck was on the wrong side of the road and heading back to its right side of the road. It is reasonable to believe that if the feed truck were on the wrong side of the road, the driver thereof, on seeing an approaching vehicle, would make an effort to turn back to his side of the road and in so doing go across the pavement at an angle. We find no direct evidence or basis for an inference that Mr. Wood was driving the feed truck straight ahead.

The Supreme Court of Missouri in Berry v. Harmon, Mo., 323 S.W.2d 691, was confronted with a rather similar problem. The contention was made that the wreckage indicated plaintiff's car was hit by defendant's car coming from plaintiff's left, and that this indicated that the plaintiff had turned into defendant's lane. The court states (323 S.W.2d at page 696):

"* * * The inference to be drawn and of necessity to be found in this case is one of negligence and the burden was upon the plaintiff to adduce evidence from which the inference of negligence could reasonably be inferred. Quinn v. St. Louis Public Service Co., Mo., 318 S.W.2d 316, 323. The circumstances in this case do not with compelling force indicate just where on the highway this collision occurred and even if it be assumed that the evidence supports the inference that at some point on the highway Harmon turned his automobile to the left the fact does not necessarily support the inference that he was negligent in doing so. * * *"

We are convinced that the angle of impact evidence in our present case affords no substantial support for determining the side of the highway on which the collision occurred. The damage to the feed truck could have occurred on whichever side of the highway the truck might have been at the time of the collision.

Both cars came to rest on defendants' side of the highway. The debris extended from the center of the highway to the shoulder on defendants' side. We find nothing in the debris evidence to afford support for an inference that the collision occurred on plaintiff's half of the highway. If anything, the evidence tends to support defendants' hypothesis. We do not regard the fact that both cars came to rest on the north side of the highway, which was defendants' side, or the fact that at the time of the impact the carnival truck may have climbed the side of the feed truck, affords any basis for any inference with reference to the side of the road on which the collision occurred. The plaintiff has produced no substantial evidence to support an inference that the accident occurred on plaintiff's side of the highway.

We shall briefly consider plaintiff's contention that Isenhower was negligent in sending Bennett out to drive the carnival truck in a fatigued condition. There is evidence that Bennett, prior to the accident, had worked continuously for some 15 hours, operating the merry-go-round, breaking down and loading the equipment, and driving some 71 miles to the place of collision. If Isenhower was negligent in the respect claimed, it would afford plaintiff no basis for recovery. There is absolutely nothing in the record to show that Bennett's fatigue proximately caused the accident. There is no evidence from which an inference can be drawn that the fatigued condition of Bennett, if it existed, in any way affected the manner in which he drove the carnival truck. Unless Bennett violated the law of the road or some duty he owed Mr. Wood, his fatigue, if any, could not possibly be the proximate cause of the accident.

**354**

Plaintiff does not argue that any of the specifications of negligence which we have not discussed in detail are supported by substantial evidence. We can find no substantial evidence to support any of the specifications of negligence.

We are convinced that plaintiff has failed to offer any substantial evidence to support an inference that defendants were guilty of any negligence charged which proximately caused plaintiff's damages.

Reversed and remanded with directions to dismiss.