ANNA L. COOPER, Respondent, v. MARTIN SCHARF et al., Defendants, and ONONDAGA OPERATING CORPORATION et al., Appellants.

Fourth Department, July 1, 1960.

*Tropp & Steinbock* (*Arthur C. Parker* of counsel), for Onondaga Operating Corporation, appellant.

*Costello, Cooney & Fearon* (*John M. Hanley* of counsel), for Blanche La Clair, Inc., appellant.

*Robert D. Jones* for respondent.

GOLDMAN, J. Plaintiff secured a jury verdict against both defendants (the owners of the shop and the hotel) as a result of injuries suffered when she struck a glass window abutting the entrance to a shop in the Onondaga Hotel. Plaintiff had intended to enter the shop from the lobby of the hotel. She walked through a lighted corridor approximately 6 feet wide and 15 feet long at the end of which was the shop in question. The lobby exterior of the shop consisted of two large glass panels about 6 or 7 feet wide running from the floor to the ceiling, in the middle of which there was a glass door. The panel on the left side of the door as plaintiff faced it had the name of

the shop lettered upon that panel. The interior of the store was brightly lighted. The pictures in evidence show the two panels set in metal casements on all sides with the doorway in the center also set in metal casements and with a metal guard or push rail running horizontally across the middle of the door. The only testimony as to the happening of the accident was given by plaintiff who when asked to describe what she first observed answered:

" A. Well, I observed a lighted area. ·

" Q. And you say you walked towards it? A. And I walked toward it.

" Q. And what happened? A. And I struck something, which threw me off my balance, and I grabbed for something to steady me, but I couldn't get ahold of anything — there was no railing or anything to hold onto — and I fell backward onto the marble floor.

\* \* \*

" Q. Then as I understand it, Miss Cooper, the only thing that you observed while you walked this fifteen foot corridor, and across another six foot corridor were some hats some place and a lighted area; is that correct? A. Yes. A brilliant light in comparison to where I was."

There is a complete absence of proof showing any negligence on the part of the defendants. No testimony was introduced by anyone as to the propriety or impropriety of the construction of the store front or was there any evidence indicating inadequacy of lighting in the corridor leading to the shop. The defendant shop owner testified that no other accident of this nature had ever occurred.

There appears to be only two decisions in this State dealing with fact situations similar to the one we have here, both of which are distinguishable. There are, however, several decisions in other jurisdictions which are directly in point. In *Valunas* v. *J. J. Newberry Co.* (336 Mass. 305) a 13-year-old boy was injured when he ran into a glass panel next to a glass door. The statement of the court at page 306 that " Here the location and construction of the doors and panels were plain and obvious and called for no warning from the defendant " applies with equal force to the situation we have in this appeal. The Supreme Judicial Court of Massachusetts cited an earlier decision of *Rosenberg* v. *Hartman* (313 Mass. 54, 55) dealing with this type of accident where the court held that from the facts there was no evidence of defendant's negligence, and further that the forms of construction were " not of such a character that danger is reasonably to be anticipated from them

to persons exercising ordinary care." The instant case is an even stronger one for the defendants than the two decisions just cited for in neither Massachusetts case was there any lettering upon the window. In a recent Minnesota decision, *Dukek* v. *Farwell, Ozmun, Kirk & Co.* (248 Minn. 374) the court held that the glass panels should have been plainly apparent to anyone who approached the exterior wall. The same is true here. The Minnesota Supreme Court summed up our situation very succinctly in this closing statement of its opinion at page 379: "Here, there was nothing to distract plaintiff, nor was there anything to prevent his seeing the door and distinguishing the doors from the adjacent panels. An examination of the record and photographs before us can only lead to the conclusion that defendant was not guilty of negligence and that plaintiff was guilty of contributory negligence as a matter of law." (For similar holdings, see *Johnson* v. *Evanski*, 221 Minn. 323; *Acme Laundry Co.* v. *Ford*, 284 S. W. 2d 745 [Tex. Ct. Civ. An.]; *Pettigrew* v. *Nite-Cap*, 63 So. 2d 492 [Sup. Ct. of Florida, Div. B.] and also 68 A. L. R. 2d 1204.)

The two New York cases upon which plaintiff relies are clearly distinguishable from the case at bar and present fact questions which were properly left to the jury. In *Shannon* v. *Broadway & 41st St. Corp.* (272 App. Div. 1029, affd. 298 N. Y. 589) a jury verdict for plaintiff was sustained where plaintiff walked into a glass panel separating the restaurant interior from a sidewalk cafe. When the sidewalk cafe was in operation the glass panel was removed to allow free passage to the sidewalk. On the day of the accident the panel was in place. There were no markers or warning of any kind to indicate the presence of the panel to the plaintiff as well as other patrons of the restaurant who used the panel passageway freely for entrance to the cafe. It is to be noted that even with this set of facts two Justices in the Appellate Division dissented on the grounds that no negligence was shown and that plaintiff was guilty of contributory negligence. The other decision cited by the plaintiff, *Grabel* v. *Handro Co.* (161 N. Y. S. 2d 998) has no fact similarity and is neither persuasive nor controlling.

Plaintiff offered no testimony to show, or even raise an inference, that the construction of the store front was intrinsically or inherently dangerous or faulty. The record is barren of any proof showing causal connection between the manner of construction and the happening of the accident. To hold defendants responsible for this accident, one which could not have reasonably been foreseen or apprehended, would run contrary to the principle laid down in *Palsgraf* v. *Long Is. R. R. Co.* (248

N. Y. 339) and the many decisions which follow this case. Negligence cannot be predicated on the mere happening of an accident; it must be founded on facts showing that the defendants should have reasonably anticipated what did happen. Certainly the law does not charge these defendants with the duty to guard against the remote possibility of the happening of an accident which could not be reasonably foreseen nor anticipated.

If one poses the question, '' Why didn't the plaintiff see the glass window with which she collided? '', the only reasonable answer one can draw from the record is that the plaintiff did not see the window. There is no apparent reason for the failure to see and therefore the conclusion is inevitable that the plaintiff was not looking. *Weigand* v. *United Traction Co.* (221 N. Y. 39) lays down the well-known rule, at page 42, which we believe governs the plaintiff: '' She was bound to see it. She was bound to see what by the proper use of her senses she might have seen. The statement that a witness does not see what she should have seen is incredible as a matter of law.''

We can find no question of fact as to the defendants' negligence which justified the court in presenting the matter to the jury for its decision. Not only was there no proof of negligence on the part of either defendant, but it seems inescapable and we must reach the conclusion that the plaintiff was guilty of contributory negligence as a matter of law. The verdict of the jury in plaintiff's favor must be set aside and the complaint dismissed.

All concur, except HALPERN, J., who dissents and votes for affirmance. Present—WILLIAMS, P. J., GOLDMAN, HALPERN and McCLUSKY, JJ.

Judgment reversed, on the law, without costs of this appeal to any party and complaint dismissed, without costs. The court has examined the facts and finds no error therein.