**Thomas v. The Great Atlantic & Pacific Tea Company**

*Richard DiSalle*, for plaintiffs.

*Francis H. Patrono*, for defendant.

CARSON P. J., April 2, 1962.—This case involves a motion for judgment n.o.v. filed by defendant for the following reasons:

1. No negligence by defendant was shown.

2. The wife-plaintiff revealed her contributory negligence in her testimony.

3. The whole record reveals the contributory negligence of plaintiffs as a matter of law.

These objections contained in the motion will be considered in the order made. It is incumbent upon the court in a motion for judgment n.o.v. to consider the testimony in the light most favorable to the verdict winner, in this case the plaintiff. The facts of this case involve the injuries sustained by the wife-plaintiff, resulting when she struck her head on a wire container shelf extender. The wire container upon which plaintiff struck her head is constructed of stainless steel wire and was attached to the shelf. As shown in exhibits A and B, submitted by plaintiffs, the projecting wire containers were difficult to see, which was demonstrated to the jury and to the court en banc at argument. The wire container in question blended in with the merchandise in the wire container and on the adjoining shelves. When multi-colored items of merchandise are placed in the baskets, the appearance is doubly deceptive and amounts almost to camouflage and concealment. The wife-plaintiff was a business invitee doing her marketing in defendant's store. This particular wire container was one of 12 or 15 wire containers of this type scattered throughout the store. They projected beyond the shelving with exception of the bottom shelf or floor bin. There was testimony by plaintiff that she struck her head as she raised it after she leaned over and picked up merchandise from one of the lower shelves.

On the question of defendant's negligence, plaintiff contends that the wire containers created a dangerous condition and the dangerous condition was known to the store manager, who testified as follows:

"Q. You don't remember that, and you heard Mrs. Thomas say that she talked to you, and you don't remember that?

"A. No, sir.

"Q. You don't remember telling her that you had gotten your glasses caught on these baskets and that other employees had hit these baskets?

"A. I don't remember talking to her at all.

"Q. In other words, those things did happen in the store?

"A. I caught my glasses on them.

"Q. You knew they were there, about fifteen of these baskets in the store?

"A. I did.

"Q. Maybe you put some of them up, did you not?

"A. I put a lot of them up.

"Q. Well, you caught your glasses on those things?

"A. Under different circumstances."

Defendant was on notice, through its managers, that the wire containers created a dangerous condition. Mr. Tershel, who was also a store manager, admitted that his employes bumped their heads on these wire baskets. Counsel for defendant argues that the fact that the managers were aware of the dangerous condition was not evidence of negligence, and cites in support of his argument the case of Brewster v. Morrone, 395 Pa. 642, 151 A. 2d 607 (1959). This case is clearly distinguishable. In the Brewster case, plaintiff was not in the same relationship to defendant as the plaintiff and defendant are in this case. In the Brewster case, plaintiff was delivering coffee and sandwiches to defendant at the time of the accident. He had done this every day for some time prior to the accident, in

connection with plaintiff's own business. Therefore, the duty owed to him by defendant in the Brewster case was not of the same high degree as the duty owed by the A & P in this case to the members of the public whom it invites into its store for the purpose of making sales. When the manager of the store himself and the employes struck their heads on these wire containers, this should have immediately warned them that it was likely that customers in the ordinary course of shopping would do the same thing. The fact that the wife-plaintiff was in the ordinary course of her shopping at the time of the accident is crucial here. She had not strayed from the path provided for customers to travel, nor had she done anything unusual or anything at all which the managers of the store could not reasonably have anticipated any customer might do. From her own testimony, we find that she struck her head on this container after merely stooping down to get a box of cake mix from beneath the projecting wire container which she had not seen.

The jury in this case was instructed to consider whether or not it was reasonable, under the circumstances, for the manager of the store to continue to use these wire containers when he had knowledge that they created a hazard to his workers and would create a similar hazard to persons shopping in the store. The placing of these containers, in such a position that persons examining the display shelves for items which they wished to purchase would strike their heads while their attention was thus diverted, was the negligence claimed and the jury must have concluded that such arrangement of the basket was negligence on the part of defendant.

The next question is whether contributory negligence by the wife-plaintiff was shown as a matter of law by her own testimony as claimed by defendant. The inference from the testimony taken in the best

light to the verdict winner, indicates that plaintiff was not guilty of contributory negligence. In this connection, plaintiffs submit that the case of Kanner v. Best Markets, Inc., 188 Pa. Superior Ct. 366 (1958), is controlling on the issue of plaintiff's contributory negligence. In that case, the husband-plaintiff and his wife were entering defendant's food market and while in the act of so doing, the husband walked right into a solid glass panel 18 inches wide and adjacent to the entrance doors, which he thought was the opening to the store entrance. He fractured his nose as a result thereof. The Superior Court affirmed a judgment in his favor and said at page 369: "Appellant also contends that a person in control of all of his faculties who walks into a glass panel which he could have seen had he looked, is guilty of contributory negligence as a matter of law. This, however, is not our case." The court further said: "Defendant offered testimony to show that the construction of this exit conformed with the accepted design of stores of this type, all of which is not disputed. However, the invisibility of clear glass, by its very nature, deceives the most wary . . . As was noted in the opinion of the court below, 'The same combination of facts which justified the jury in finding the defendant negligent also justified them in finding the plaintiff not contributorily negligent . . .' "

In the case of Hallbauer v. Zarfoss, 191 Pa. Superior Ct. 171 (1959), the court held where plaintiff's evidence indicated that the wife-plaintiff was examining the brushes in the display rack to determine the purchase she desired to make and moved along the rack, which was so constructed that her attention was called to the objects at or above her eye level, that she was not guilty of contributory negligence as a matter of law when she fell down a flight of stairs at the rear of the store since the rack and display diverted her attention to the extent that by following the dis-

play, she was placed on the edge of the stair opening. The case at bar is similar to the Hallbauer case if we substitute the wire container for the stair opening. It was properly submitted to the jury on the question of whether or not the wife-plaintiff was guilty of contributory negligence. Since the jury by its verdict considered the wife-plaintiff not guilty of contributory negligence, this court will not ignore its finding without clear evidence to the contrary. The verdict of the jury in this connection should not be upset.

Defendant argued that the condition created by it in this case was not negligence because the containers were in general usage throughout its store. In this connection, the case of Sanitary Grocery Co., Inc., v. Steinbrecher, 183 Va. 495, 32 S. E. 2d 685, decided by the Supreme Court of Appeals of Virginia in 1945, is directly in point. Plaintiff, who was a regular customer in defendant's grocery store, struck her leg against a shelf corner of a piece of projecting shelving which formed part of a counter. A representative of the firm which made the counters testified that the counter was of approved standard construction and design and in general usage in chain grocery stores. On appeal, a judgment for plaintiff was affirmed. The court said: "We think the jury could have concluded from the evidence that the defendant was guilty of actionable negligence . . . Nor do we think the plaintiff was guilty of contributory negligence as a matter of law . . ." See also Blong v. Ed Schuster & Co., 274 Wis. 237, 79 N. W. 2d 820 (1956). The case of Kanner v. Best Markets, Inc., supra, holds that a verdict should not be upset on the basis of contributory negligence as a matter of law without clear testimony that plaintiff was contributorily negligent. In this case, which falls within the category of the attractive display cases cited in plaintffs' brief, the jury could have found that her attention was on something that she wanted to pur-

chase and that the wire container attached to the shelf blended in with the colors of the mixes on the shelves and was not visible to the wife-plaintiff.

"Q. Mrs. Thomas, did you have the intention of purchasing cake mix when you first entered the store?

"A. I thought about it, yes.

"Q. After you purchased the stalk of celery did you then go next to the place where the cake mix was?

"A. That's right, sir.

"Q. As you walked either up or down that aisle in the direction of the cake mix what was the first thing that attracted your attention?

"A. The different kinds of mixes.

"Q. And when you got to the place where the mixes were did you know right at that time when you first arrived there what type of cake mix you wanted?

"A. No, I didn't.

"Q. So what did you do?

"A. I looked around to see what I did want; I usually get the yellow or white.

"Q. This metal basket we have been talking about, was that on one of the shelves above the cake mix?

"A. Yes, sir.

"Q. Was there anything in the metal basket or wire basket?

"A. Yes, there was.

"Q. Do you remember what it was?

"A. I don't know, sir. It blended right in with the other colors of the mixes on the wall, but I do know they sometimes keep brushes or can openers or different kinds of plastic things in them.

"Q. Do you remember specifically what was in this basket on this day?

"A. No, I don't.

"Q. But there was some articles of merchandise in it?

"A. Yes, sir.

"Q. So when you say you didn't see the metal basket, what reason would you have for not having seen it?"

* * * * *

"A. It blended right in; it was right on the shelf, attached . . . in fact, it was bolted on to the shelf, because I brought myself up with it; it blended right in with the other things on the shelf.

"Q. What other reasons would you have?

"A. Because I fixed my attention on what I wanted to get.

"Q. Did you see the basket then when you stooped down to get the cake mix that you finally decided upon?

"A. No, sir, I didn't see it until after I hit myself and brought myself back up."

This testimony would be sufficient to justify the jury's finding that the wife-plaintiff was not guilty of contributory negligence by her own testimony.

Finally, there is no justification on the whole record for finding the wife-plaintiff guilty of contributory negligence as a matter of law for the reason that no evidence is apparent in the record which would controvert the manner in which the accident happened according to the testimony of the wife-plaintiff.

Wherefore, the following

*Order*

And now, April 2, 1962, the motion for judgment n. o. v. is refused.