**Viola BROWN, Appellant,**

v.

**ALABAMA FOODS, INC.,\* Appellee.**

**No. 3179.**

District of Columbia Court of Appeals.

Argued March 11, 1963.

Decided April 25, 1963.

---

\* Appellee was named in the complaint as Jumbo Food Stores, Inc., but in its answer gave its correct name as Alabama Foods, Inc.

Stanley A. First, Washington, D. C., for appellant.

Leonard C. Greenebaum, Washington, D. C., with whom Sidney S. Sachs, Lewis Jacobs and J. H. Reis, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant was injured in appellee's supermarket when, in moving from the checkout counter toward the exit door, she struck her head against a plate glass panel adjacent to the door. In her complaint appellant alleged that the accident happened because she was unable to distinguish the glass door from the adjacent glass panel and pushed against the panel, believing it to be the door. The complaint charged appellee with negligence in failing to mark the door so as to enable customers to distinguish the door from the panel. Appellant's testimony at trial, however, tended to show that she approached the door from the checkout counter at an angle; that as she came within a few steps of the door her eyes met the strong sunlight shining through the glass wall; that she squinted and dropped her eyes, and that her forehead struck the glass panel about a foot to the right of the door. At the close of appellant's case the trial court granted appellee's motion for directed verdict, ruling that appellant had failed to prove negligence, and that her own actions constituted contributory negligence as a matter of law. Our conclusion is that the trial court was correct.

Since the accident happened in Maryland, the law of that State controls the substantive rights and duties of the parties. Under Maryland law, a store proprietor, while not an insurer of the safety of his patrons, owes them a duty to keep his premises reasonably safe, and to warn them of dangerous conditions known to him, or which ought to be known to him, but not to them. A customer injured on store premises must show, accordingly, that the condition causing his injury constituted an unreasonable risk to him, that the proprietor knew, or should have known, of this dangerous condition, and that he had no reason to believe the risk would be realized by the patron. Safeway Stores, Inc. v. Bolton, 229 Md. 321, 182 A.2d 828.

Appellant would have us hold that a glass wall arrangement, comprised of a glass door and glass panel side by side, is in itself a dangerous condition, which the storekeeper maintains at his peril, and that he has a duty to warn his customers of it. The record is barren of any evidence to support this contention. Appellant does not allege, nor does the record show, that the panel-and-door combination was defectively installed. Cf. Shannon v. Bigelow-Sanford Carpet Company, 96 Ga.App. 458, 100 S.E.2d 478. The mere happening of the accident does not permit an inference of negligence. Elmar Gardens, Inc. v. Odell, 227 Md. 454, 177 A.2d 263. In the last analysis, appellant rests her case on appellee's failure to mark off the door and panel, as by placing a push bar on the door or signs of some kind on the panel. Since there was no evidence that the glass was itself dangerous, appellee was under no duty to warn its customers of it. Nor was there any evidence from which reasonable men could find that the absence of such marks was the proximate cause of appellant's injury

On the contrary, appellant's evidence shows that it was her own negligence which caused the accident. She testified that she had shopped at this store regularly since it opened and that she had passed through that door many times previously without difficulty. It was in fact the only customer exit from the store. Her constant and

regular use of this door suggests familiarity with the door-and-panel arrangement. This fact alone distinguishes this case from those cited by appellant in which the injured party had never encountered the arrangement before, Kanner v. Best Markets, Inc., 188 Pa.Super. 366, 147 A.2d 172, or where the conditions with which plaintiff was familiar are changed and he mistakenly acts on the assumption that they remain as he knew them to be. Harold Corporation v. Herzberg, Fla.App., 110 So.2d 683, cert. denied 114 So.2d 790; Shannon v. Broadway & 41st Street Corporation, 272 App. Div. 1029, 73 N.Y.S.2d 711, aff'd 298 N.Y. 589, 81 N.E.2d 324; Grabel v. Handro Co., City Ct., 161 N.Y.S.2d 998.[1]

■ Appellant refers to the "illusion of space" created by a clear glass panel, which deludes a person into thinking there is no barrier there. But appellant's testimony does not show that she was deluded. This was not a case where the customer, mistaking the panel for the door, consciously pushes against the panel, or where the customer mistakes the panel or door for an open space, and walks directly into it. Appellant showed only that as she approached the door the sun momentarily blinded her; she flinched and averted her eyes, and in doing so misjudged her direction and struck the glass panel instead of passing through the open door. It is clear that the sole proximate cause of appellant's injury was her failure to see that which, by the exercise of reasonable care, she should have seen.

Appellee cites the many cases in other jurisdictions which have held, under similar circumstances, that as a matter of law there was no negligence on the part of defendant, or that plaintiff was contributorily negligent.[2] While the facts of each case may differ, the clear rule emerges from these decisions that the maintenance of a plate glass front is not in itself proof of negligence, and that the failure to see what is there to be seen constitutes contributory negligence as a matter of law.

Construing the evidence most favorably to appellant, and giving her the benefit of every inference therefrom, we think it afforded no basis for a jury verdict in her favor.

Affirmed.

---

1. However, unfamiliarity or changed conditions have not in every case been considered determinative. See, e. g., Snyder v. Ginn, 202 Va. 8, 116 S.E.2d 31.

2. Cooper v. Scharf, 11 A.D.2d 101, 202 N.Y.S.2d 63; Pettigrew v. Nite-Cap, Inc., Fla., 63 So.2d 492; Acme Laundry Company v. Ford, Tex.Civ.App., 284 S.W.2d 745; Dudek v. Farwell Ozmun Kirk & Co., 248 Minn. 374, 80 N.W.2d 53; Rosenberg v. Hartman, 313 Mass. 54, 46 N.E.2d 406.