**JIFFY MARKETS, INC., Appellant,**

v.

**Vernon J. VOGEL, Appellee.**

**No. 17793.**

United States Court of Appeals
Eighth Circuit.

Jan. 26, 1965.

496

Reed O. Gentry, of Rogers, Field & Gentry, Kansas City, Mo., for appellant.

George H. Charno, Jr., of Tucker, Charno, Willens & Jouras, Kansas City, Mo., for appellee.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

On the night of August 3, 1962, Vernon J. Vogel received extensive lacerations as the result of walking into and through a large glass panel which formed the front of the building in which Jiffy Markets, Inc., operated a supermarket. Vogel sued Jiffy Markets for damages in the Missouri state court, and defendant removed the action to the United States District Court for the Western District of Missouri, where the cause was tried and a jury verdict rendered in favor of plaintiff. Defendant filed motion for a directed verdict at the close of all the evidence, and also filed motion for judgment n. o. v. This appeal followed denial of the latter motion. Diversity of citizenship and the amount in controversy warranted removal of the cause and establishes jurisdiction. We shall refer to the parties as they were designated in the trial court.

At this point and before proceeding to consideration of the issues presented by this appeal, we indulge in a résumé of the pertinent facts. Jiffy's Market is a self-service grocery store in Johnson County, Kansas. The building faces east, and the front or east portion thereof is constructed of four transparent plate glass panels, each about ten feet square. The two center panels were in fact sliding doors but were no different in appearance from the two stationary panels. The sliding doors were closed on the night in question. The only other front entrance to the store was through a door located in the north portion of the front of the building. This door was perpendicular to the glass front and was behind a brick wall which ran parallel to the front of the store and extended out in front of the door approximately one foot. A soft drink vending machine was also in front of the north door, and the wall and vending machine caused the north door to be hidden from the view of a person approaching the front of the building, until the person was approximately six feet from the glass front. There were no signs or markings of any kind on the glass panels on the night of the litigated occurrence and the glass was spotlessly clean. Plaintiff stopped his automobile with the front facing the vending machine. He turned off the lights, got out of the automobile eighteen or twenty feet from the front of the store and proceeded toward the building

intending to enter the store and make a purchase. From the testimony, the jury was warranted in finding that as plaintiff approached the store he was walking at a normal gait and with his head up; that although he was looking ahead, he did not see the glass or its bordering metal frame and saw no reflections from lights or identifying marks of any kind on the glass. He did not realize until he crashed through the glass, that what he thought was the entrance to the store was in fact a solid plate glass panel.

██ Defendant assets that plaintiff failed to make a submissible case and that the court erred in failing to grant its motion for a directed verdict and motion for judgment n. o. v. This again provokes us to observe that the question whether the state or federal test of the sufficiency of the evidence to support a jury's verdict in a diversity case in a federal court, has not been decided by the Supreme Court of the United States. Dick v. New York Life Ins. Co., 359 U.S. 437, 444–445, 79 S.Ct. 921, 3 L.Ed.2d 935 (1959). Following the cue of the Supreme Court in Dick, we have found it unnecessary to reach out and decide this question in a number of cases, e. g. Ford Motor Company v. Mondragon, 271 F.2d 342, 345 (8 Cir. 1959); Bennett v. Wood, 271 F.2d 349, 351 (8 Cir. 1959); Lewis v. Nelson, 277 F.2d 207, 209, 210 (8 Cir. 1960); Wray M. Scott Co. v. Daigle, 309 F.2d 105 (8 Cir. 1962); Hanson v. Ford Motor Co., 278 F.2d 586 (8 Cir. 1960). We gather from the briefs that the parties have assumed, as was true in some of the cases supra, that the state (Kansas) standard should be applied. Therefore, we will consider and determine the sufficiency of the evidence issue by application of the Kansas standard which is enunciated by the Tenth Circuit in Olson v. Maxwell, 263 F.2d 182 (10 Cir. 1959) in this language:

"In considering a demurrer to the evidence, the court shall disregard all evidence which is unfavorable to the plaintiff and shall consider all of his evidence as true, together with the reasonable inferences which may be drawn therefrom. It shall not weigh the contradictory evidence or any differences in plaintiff's testimony on direct and cross examination. Cain v. Steely, 173 Kan. 866, 252 P.2d 909, and cases cited."

In Thompson v. Beard & Gabelman, 169 Kan. 75, 216 P.2d 798, 802 (1950) the Kansas Supreme Court stated:

"Ordinarily a question of negligence is one for the jury, but where upon the undisputed testimony no facts or circumstances are shown which in the minds of reasonable men can be said to constitute a cause of action based on negligence, it becomes a question of law to be determined by the court when the sufficiency of such evidence is properly challenged."

██ Inasmuch as the litigated incident occurred in the State of Kansas, we look to the law of that state for ascertainment of the duty imposed on the proprietor of a business establishment toward his patron or business invitee. Both parties cite and rely upon Little v. Butner, 186 Kan. 75, 348 P.2d 1022 (1960). That case teaches that the business proprietor is under a duty to use due care to keep in a reasonably safe condition the premises where guests or customers may be expected to come and go; if there is a dangerous place on the premises, the proprietor must safeguard those who come lawfully thereon by warning them of the condition and risk involved: "The true ground of liability is his *superior knowledge* over that of business invitees of the dangerous condition and his failure to give warning of the risk * * * however, he is not an insurer against all accidents which may befall them upon the premises." pp. 1028, 1029 of 348 P.2d. (Emphasis supplied.)

Defendant contends that under all of the evidence favorable to plaintiff and giving to plaintiff the benefit of all reasonable inferences, it conclusively appears that defendant did not breach any duty toward plaintiff; that defendant was not guilty of any actionable negligence, and the issue of liability should

not have been presented to the jury. To support this contention, defendant invokes and presses upon us the "superior knowledge" test enunciated in Little, supra. It insists (a) that the evidence clearly showed that the glass panels constituted an accepted method of construction, and the presence of the glass was clearly observable to a person in the exercise of ordinary care for his own safety; (b) that there was no duty on the part of defendant to warn plaintiff of the claimed hazardous condition (glass panels) because the evidence conclusively established that the condition was apparent and would have been seen by plaintiff if he had been giving reasonable attention to the surrounding physical conditions.

■■ We are not so persuaded. To be sure, transparent plate glass is recognized as suitable and safe material for use in construction of buildings, indeed, it is common knowledge that such glass is used rather extensively in commercial buildings. However, it seems to us that the number of reported cases, some of which are cited infra, involving personal injuries from bodily contact with transparent glass doors and walls is some indication that with the advantages that may be derived from such construction are concomitant risks which the proprietor must assume. Of course, whether the proprietor is responsible to a patron who comes in contact with a glass door or wall and sustains injuries, depends on the facts and circumstances surrounding the incident judged in light of the controlling legal standards.

Apparently, the Kansas Supreme Court has not had occasion to deal with a plate glass case, but other jurisdictions have. Cases where plaintiff recovered for injuries resulting from contact with plate glass walls or doors are: Kanner v. Best Markets, Inc., 188 Pa.Super. 366, 147 A.2d 172 (1958); Fisher Construction Co. v. Riggs, 320 S.W.2d 200 (Tex.Civ. App.1959); Grabel v. Handro Co., 161 N.Y.S.2d 998 (N.Y.City Ct.1955); Harold Corporation v. Herzberg, 110 So.2d 683 (Fla.Dist.Ct.App.1959); Shannon v. Broadway & 41st St. Corp., 298 N.Y. 589, 81 N.E.2d 324 (1948); Shannon v. Bigelow-Sanford Carpet Company, 96 Ga. App. 458, 100 S.E.2d 478 (1957). On the other hand, recovery was denied in Brown v. Alabama Foods, Inc., 190 A.2d 257 (D.C.Ct.App.1963); Acme Laundry Company v. Ford, 284 S.W.2d 745 (Tex. Civ.App.1955); A. C. Burton Co. v. Stasny, 233 S.W.2d 310 (Tex.Civ.App.1949); Rosenberg v. Hartman, 313 Mass. 54, 46 N.E.2d 406 (Sup.Jud.Ct.1943); Dukek v. Farwell, Ozmun, Kirk & Co., 248 Minn. 374, 80 N.W.2d 53 (1956). The question is also the subject of an Annotation, 68 A.L.R.2d 1204 (1959).

■ It is interesting to note that in three of the cases where recovery was denied, A. C. Burton Co. v. Stasny, supra; Brown v. Alabama Foods, Inc., supra, and Dukek v. Farwell, Ozmun, Kirk & Co., supra, the plaintiff had prior knowledge of the dangerous or unsafe condition which caused his injuries. Here, plaintiff, a citizen of Texas, was a complete stranger to the defendant's premises and had never seen the market before. Certainly, the prior lack of knowledge standing alone did not necessarily require or justify a finding that plaintiff was in the exercise of ordinary care for his own safety but that circumstance in combination with others was sufficient to warrant the jury in concluding that plaintiff's failure to observe the glass was attributable to the transparency thereof, the complete absence of any markings thereon and the failure of defendant to give warning of the presence of the condition. The invisibility of transparent glass, by its very nature, is likely to deceive the most prudent person, particularly where, as here, the construction was designed to give the market an open front appearance. Furthermore, as noted the north entrance door was obscured from view by the wall and vending machine and was not readily discernible until one aproaching the glass front was within six feet thereof. The jury was not required to speculate as to the dangerous and unsafe condition created by the glass front. There was evidence to that effect. A former employee of

defendant testified that during a period of eight months he observed four or five persons come in contact with the glass front and "bounce off". A safety engineer testified it was a hazardous arrangement, and detailed the methods that could have been employed to correct the lack of visibility of the glass.

 Without further discussion, we conclude and hold that there was substantial evidence from which the jury could find: (1) that the glass front constituted a dangerous and unsafe condition; (2) that plaintiff was exercising ordinary care for his own safety; (3) that there was a duty on the part of defendant to warn its patrons of the condition and (4) that defendant breached its duty.

Defendant also contends that the court committed prejudicial error in:

(a) failing to instruct that the duty of defendant to plaintiff existed only if the jury found that the presence of the glass was not discoverable by plaintiff in the exercise of ordinary care; (b) in instructing that plaintiff was entitled to recover upon the finding that the glass panels "might be dangerous".

It is fundamental that in determining whether the instructions correctly stated the applicable law, we are required to consider them as a whole and not piecemeal. McDonough v. United States, 248 F.2d 725, (8 Cir. 1957); S & L Company of Des Moines v. Wood, 323 F.2d 322, (8 Cir. 1963). We have carefully examined the instructions in light of this rule and reach the conclusion that the jury was not misdirected as to the duty imposed upon both parties. The jury was told in unequivocal language that as a prerequisite to a verdict for plaintiff, it was required to find that he was in the exercise of ordinary care for his own safety, and was further instructed that plaintiff was not entitled to recover if plaintiff knew or should have known that he was walking into a clear glass panel.

Neither are we persuaded to believe that use of the term "might be dangerous" caused the jury to be misled. Rule 61 Fed.R.Civ.P. provides that the court must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. The harmless error rule applies to instructions. Minnesota Mutual Life Ins. Co. v. Wright, 312 F.2d 655, 661 (8 Cir. 1963). Inasmuch as the instructions, considered as a whole, correctly submitted the elements essential to a finding for plaintiff, the error, if any, that resulted from the phraseology in question, was harmless at the best, and did not affect the substantial rights of defendant.

The judgment is affirmed.