508 F.2d 1245
 Beatrice HARWELL, Individually, and Beatrice Harwell, as
Administratrix of the Estate of Roy R. Harwell,
Deceased, Appellee,
v.
WESTCHESTER FIRE INSURANCE COMPANY, Appellant.
 No. 74-1441.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 13, 1974.
Decided Dec. 9, 1974, Rehearing and Rehearing En Banc Denied
Jan. 20, 1975, Certiorari Denied April 28, 1975,
 
 See 95 S.Ct. 1681.
 Michael E. Hale, Little Rock, Ark., for appellant.
 Eugene J. Mazzanti, Little Rock, Ark. for appellee.
 Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and MEREDITH, Chief District Judge.[1]
 VAN OOSTERHOUT, Senior Circuit Judge.
 
 
 1
 This is a timely appeal by the defendant insurer from final judgment entered against it and order overruling its motion for judgment n.o.v. Beatrice Harwell, individually and as administratrix of the estate of her husband, brought this action for damages sustained as a result of the death of Mr. Harwell, a pedestrian on U.S. Highway 59, alleged to have been caused by the negligent operation by Dorothy Lyssyj of her automobile. This action is a direct action against the defendant insurer based upon the uninsured motorist provision in a policy issued by the defendant to decedent Harwell. It is agreed that such policy was in full force and effect and that Dorothy Lyssyj is an uninsured motorist. Jurisdiction based on diversity of citizenship and the requisite amount is established.
 
 
 2
 Defendant made timely motions for directed verdict at the close of plaintiff's evidence and again at the close of all the evidence and made motion for judgment n.o.v. subsequent to the judgment entered against it on a jury verdict for $10,000.00 damages plus a penalty of $1,200.00 and $3,600.00 attorneys' fees awarded under Arkansas Statute 66-3238. Such motions were based upon the ground that there is no substantial evidence to support a finding that Dorothy Lyssyj was guilty of any act of negligence. All such motions were overruled.
 
 
 3
 The sole issue upon this appeal is whether the court erred in holding that there was sufficient evidence presented to support a jury finding that Dorothy Lyssyj was negligent in any respect asserted in the operation of her automobile. For reasons hereinafter stated, we hold that there is no substantial evidence to support the jury finding of megligence. We shall first set out the applicable Arkansas law and then apply such law to the facts of the case.
 
 
 4
 Federal courts follow the conflict of laws rules prevailing in the forum state. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-497, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Arkansas conflict rule is that the issue of the sufficiency of the evidence is procedural and thus is determined by Arkansas law. Bell Transportation Co. v. Morehead, 246 Ark. 170, 437 S.W.2d 234, 237 (1969). Both parties have argued the case on the basis that Arkansas law controls. As we have frequently noted, the Supreme Court in Dick v. New York Life Ins. Co., 359 U.S. 437, 444-445, 79 S.Ct. 921, 3 L.Ed.2d 935 (1959), raised but declined to resolve the issue of whether the state or federal test of sufficiency of the evidence to support a verdict should be applied where federal jurisdiction is based on diversity of citizenship. For a good discussion of cases arising since Dick, see Wetzel v. Eaton Corp., 62 F.R.D. 22, 25-26 (D.C.Minn. 1973). We need not reach such issue here as we have determined that the federal test and the Arkansas test of sufficiency of the evidence are substantially the same. Marshall v. Humble Oil & Refining Co., 459 F.2d 355, 358-359 (8th Cir. 1972); Bennett v. Wood, 271 F.2d 349, 351 (8th Cir. 1959).
 
 
 5
 In McKim v. Northwestern National Casualty Co., 505 S.W.2d 756 (Ark. 1974), the court affirmed a directed verdict for the defendant in a pedestrian case very similar factually to the case before us. No eyewitness testimony was offered in that case. The plaintiff could not recall evidence leading to the accident as he suffered from retrograde amnesia caused by his injuries. The court recognized the rule that 'a well-connected train of circumstances is as cogent of the existence of a fact as an array of direct evidence, . . . and that any issue of fact in controversy can be established by circumstantial evidence when the circumstances adduced are such that reasonable minds might draw different conclusions.' 505 S.W.2d at 757. The court held:
 
 
 6
 We have no hesitancy in concluding that at most, appellant's evidence would do nothing more than afford the jury a choice of possibilities. when the evidence presents no more than such choice we have said that it is not substantial. Kapp v. Sullivan Chevrolet Co., 234 Ark. 395, 353 S.W.2d 5 (1962). In the case at bar the appellant alleged: (a) failure to keep lookout, (b) inadequate warning, (c) excessive speed, (d) lack of required control, and (e) inadequate headlights. Applying the facts and circumstances established, we are simply unable to say that either of the allegations is supported by substantial evidence. Possibility of proximate cause is not enough; a reasonable probability must be shown by substantial evidence. (505 S.W.2d at 757-758.)
 
 
 7
 In our present case numerous specifications of negligence were asserted. The court submitted only two of such specifications to the jury, lookout and control. The court expressed the view that execessive speed had not been established and refused to submit such issue. The court also refused to submit other asserted specifications of negligence.
 
 
 8
 The only witness who gave any testimony as to physical facts underlying the accident is Officer Faultry of the Houston Police Department. The accident occurred about 9:00 p.m. on Saturday, December 16, 1972. Faultry arrived at the scene of the accident about an hour and twenty minutes after it had happened. The highway involved, U.S. Highway 59, is at the point of the accident a four-lane black topped highway with two thirteen feet lanes for travel in each direction. The night speed limit is sixty-five miles per hour. There are no pedestrian crosswalks in the accident vicinity. There are some commercial buildings on each side of the highway but they do not light up the highway. The highway was dark and Officer Faultry used his flashlight to examine the road. Mrs. Lyssyj was driving north on the highway. Faultry found bloody marks and scrapings on the highway that indicated that the decedent at the time he was hit was three feet west of the east edge of the pavement. The officer found no evidence of skid marks at that location. The right front parking light of the car was knocked out and flesh was found on the right side of the car. The decedent's body had been moved before the officer arrived. Decedent's clothing was dark in color. The traffic on the highway was light at the time of the officer's arrival. There is no testimony as to the extent of traffic at the time of the accident.
 
 
 9
 The State patrol had examined the accident scene before Faultry arrived but such officers were not produced as witnesses. Plaintiff's answers to interrogatories disclosed that the plaintiff was aware of Mrs. Lyssyj's address and that she listed eight prospective witnesses, five with Houston addresses. Mrs. Lyssyj was not called as a witness and only Officer Faultry gave any testimony which had any bearing upon the accident.
 
 
 10
 There is no evidence as to decedent's movements just prior to the accident and there is no evidentiary basis for an inference that Mrs. Lyssyj by maintaining a proper lookout could have observed the pedestrian in a position of danger in time to avoid the accident. The night was cold. We do not know whether decedent was walking or running across the highway. We do not know the direction in which he was headed. If he came from the east and suddenly entered only three feet into the highway, it is unlikely that he could have been seen in time to avoid the accident. There is no evidence whether there was traffic in the west lane which might prevent Mrs. Lyssyj from seeing the decedent if he were moving in an easterly direction or which might prevent her from avoiding the accident by turning to the left. During the course of the directed verdict argument the trial court observed:
 
 
 11
 He was either just coming on (of) just going off. In the event she was in the right lane of a two-lane road that was ten feet within her own lane, she could have avoided him, and thirteen more feet in the lane adjacent which was also going in the same direction, so twenty three feet to go around if she-- well, the strongest circumstance is that she did not see the man. There were no skid marks before or after. She had children in the car.
 
 
 12
 The burden of proof is upon the plaintiff to show negligence on the part of the car operator. In our present case as in McKim, the evidence offers the jury no more than a choice of possibilities. A reasonable probability that Mrs. Lyssyj's negligence caused the accident has not been established by substantial evidence. In Bennett v. Wood, supra, we stated, citing supporting authorities, 'courts have uniformly held that verdicts cannot be based solely upon conjecture or speculation.' 271 F.2d at 351.
 
 
 13
 We do not reach defendant's contention that decedent was guilty of contributory negligence as a matter of law.
 
 
 14
 The judgment is reversed. The case is remanded to the trial court with direction to sustain the motion for judgment n.o.v. and to dismiss the complaint.
 
 
 
 [1]
 The Honorable James H. Meredith, Chief Judge, Eastern District of Missouri, sitting by designation