LOUIS ROSENBERG vs. SIMON HARTMAN.

Essex.   November 13, 1942. — January 25, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence*, Store, Door.

Evidence respecting a door at the entrance to a store, not out of repair, consisting of one large piece of practically transparent glass but with its handle, lock and fittings in plain sight, did not warrant a finding of negligence of the storekeeper toward a customer injured when he walked into the door without seeing it.

TORT.   Writ in the District Court of Lawrence dated September 20, 1941.

There was a finding for the plaintiff by *Peirce*, J.   The Appellate Division for the Northern District ordered judgment for the defendant.   The plaintiff appealed.

*H. N. Steinberg*, for the plaintiff.

*M. R. Bean*, for the defendant.

QUA, J.   The plaintiff, a customer of the defendant's store in Lawrence, entered through the open door.   Later, upon leaving the store, he walked into the door, which had been closed in the meantime, and which he failed to see, and was injured.   The door, newly installed, consisted of one large piece of practically transparent glass swung on pins at top and bottom.   The holes in the glass in which these pins were inserted were concealed by two small light colored plates fastened upon the surface of the door.   The handles were vertical cylinders of glass, about a foot in length, fastened to the door by light colored metal fittings at each end. A photograph also shows on the door a metal plate with a key hole in it near the handle at about the usual position of a lock.   There was no sign or inscription on the door and there was "practically nothing to interfere with . . . [its] complete transparency."   A day or two after the accident "the defendant stated that he had prevented several other customers from walking into the glass door."

The question is whether there was any evidence of the defendant's negligence. We think that there was not. The door was in no way out of repair. We do not think negligence ought to be found merely because the door was made of one large piece of glass. It could not have been wholly invisible. Its handles, lock, and fittings were in plain sight. A door is to be expected at the entrance of a store. A door of this kind is to be classed with other forms of construction such as various types, whether new or old, of doors, floors, stairs, and ramps, not out of repair, upon which it is possible for an invitee to receive injury, but which are not of such a character that danger is reasonably to be anticipated from them to persons exercising ordinary care. *Smith* v. *Johnson,* 219 Mass. 142. *Buzzell* v. *R. H. White Co.* 220 Mass. 129. *Crone* v. *Jordan Marsh Co.* 269 Mass. 289. *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194. *Abrahams* v. *Zisman,* 293 Mass. 375. *Peterson* v. *Empire Clothing Co.* 293 Mass. 447. *Beach* v. *S. S. Kresge Co.* 302 Mass. 544, 547. *Callaghan* v. *R. H. White Co.* 303 Mass. 413. *Sterns* v. *Highland Hotel Co.* 307 Mass. 90. The statement of the defendant out of court adds little or nothing to the case. None of the circumstances of those other incidents appears, nor does it appear whether they were before or after the injury to the plaintiff. *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194, 196.

*Order of Appellate Division affirmed.*