*Northern District*

No. 4838

## JOSEPH J. HARRIBINE
v.
## SHELL OIL COMPANY

(March 25, 1955)

*Brooks, J.* This is an action of tort in two counts. In the first count, plaintiff alleges that defendant owned and operated a gas station to which the public was invited and that the premises were negligently maintained and dangerous for invitees with a result that plaintiff, an invitee, in the exercise of due care, was injured. The second count alleged a nuisance. Defendant sets up several defenses of which the only pertinent ones are general denial and contributory negligence. Trial before *Maurice McWalter, Sp. Jus.*

Plaintiff was a sales manager of Seymour Chevrolet Co. which purchased gas and oil from defendant's station on credit. Part of plaintiff's duties was to go to defendant's office containing the cash register and sign credit slips for purchases. On January 3, 1953, plaintiff had his car serviced at the station and went to the office to sign the credit slips. There he was informed that the cash register and credit slips had been removed to the adjoining lubritorium. He followed defendant's manager through a door into the lubritorium where he signed the slip. He then left the premises through another door a few feet from the place where he signed the slips and leading directly to the street. In so doing, he banged his head on an angle iron at the top of the door and was knocked unconscious.

The height of the door was five feet, three inches.

The plaintiff was six feet tall. He never had had occasion to use any door of the lubritorium before the accident. There were no warning signs on or near the door.

There was testimony corroborating the above by defendant's manager who likewise testified that business invitees had used the lubritorium in the past; that someone else struck his head on the top of the door to the knowledge of defendant; that the reason the door was so low was to secure harmonious architectural effect.

Plaintiff filed requests for rulings which were waived in view of the judge's finding. Defendant filed the following requests for rulings:

1. The evidence does not warrant a finding that the defendant was negligent.

2. The evidence does not warrant a finding that the condition referred to in the plaintiff's declaration constituted a nuisance.

The court denied defendant's request No. 1 and allowed request No. 2 and found for plaintiff on the ground that defendant was negligent "in having a door constructed at the height it was and more particularly in view of the fact of their moving the cash register from the usual place in the office to the lubritorium and not putting up any sign warning the public of the dangerous condition of the door."

The sole issue raised by defendant's request No. 1 as to defendant's negligence. This request was in effect that defendant was not negligent as a matter of law.

If it can be said that defendant had no reasonable ground to think that an invitee would be injured by the admittedly low height of the door then he was not negligent. *Pastrick v. S. S. Kresge Co.*, 288 Mass. 194, 196. *Rosenberg v. Hartman*, 313 Mass. 54, 55. It is always possible for people to be injured by variations from the normal or by obstructions with which persons could come in contact. These

obstructions, however, do not necessarily involve negligence. *Sawyer v. Boston El. Ry.*, 243 Mass. 469; 162 A.L.R. 988.

The door was not in any way defective. There was nothing to deceive customers. For that reason, no warning was necessary. As was said in *Bannister v. Berkshire Street Railway*, 301 Mass. 598, 601, "Even such a warning to an ordinary intelligent person who entered the bus as a passenger would not be required, where the risk of danger was apparent, to such a person. *Kelley v. Goldberg*, 288 Mass. 79, 81. *Rynn v. Fox—New England Theatres, Inc.*, 299 Mass. 258. *Hunnewell v. Haskell*, 174 Mass. 557. There was no evidence that the location of the rack and the risk of danger therefrom were not so apparent."

The case before us is closely paralleled by *Rosenberg v. Hartman*, 313 Mass. 54. There, plaintiff walked through a glass door not seeing the glass. A finding had been made for the plaintiff and an appeal taken to the Appellate Division which ordered judgment for the defendant. In affirming the order of the Appellate Division, the court said, "The question is whether there is any evidence of the defendant's negligence. We think that there was not. The door was in no way out of repair. We do not think negligence ought to be found merely because the door was made of one large piece of glass . . . A door of this kind is to be classed with other forms of construction such as various types, whether new or old, of doors, floors, stairs and ramps not out of repair but which are not of such a character that danger is reasonably to be anticipated from them to persons exercising ordinary care."

In our opinion, the trial judge erred in denying defendant's first request.

*Finding vacated and finding entered for defendant.*
Joseph T. Thomas, for the plaintiff.
Badger, Pratt, Doyle & Badger, for the defendant.