**SAFEWAY STORES, INC., a corporation, Appellant,**

v.

**Frank D. FEENEY, Appellee.**

**No. 2555.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 1, 1960.

Decided Sept. 21, 1960.

Rehearing Denied Oct. 17, 1960.

Allan C. Swingle, Washington, D. C., for appellant.

Martin Mendelsohn, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

ROVER, Chief Judge.

Appellee brought an action against Safeway Stores for injuries sustained in a fall caused by the latter's alleged negligence. The issues of negligence and contributory negligence were submitted to the jury for their determination, which resulted in a verdict for appellee. The basis of Safeway's appeal is the failure of the court to direct a verdict in its favor due to appellee's contributory negligence. Contributory negligence is, of course, an issue of fact for the jury unless only one reasonable inference can be drawn from the evidence, in which case it becomes a matter of law for the court to decide. Reading v. Faucon, D.C.Mun.App., 134 A.2d 376, and cases cited therein. And a plaintiff's own testimony may be used to show contributory negligence on his part as a matter of law. Eclov v. Dalton, D.C.Mun.App., 38 A.2d 661.

Considering appellee's evidence apart from that of appellant, the following facts appear. He testified that he often went at night from his home on Parkwood Place, N.W., to visit a friend who operated a

small business on 14th Street, N.W. Parkwood Place runs in an east-west direction and intersects 14th Street, which is a north-south thoroughfare. There is a Safeway store which fronts on 14th Street, two doors in from the northwest corner. The store is L-shaped and has a side door leading to a stock room near the rear of the store on Parkwood Place. Large tractor-trailer trucks discharge goods there almost nightly, and appellee had seen them many times, often two or three at once, in the years that he has lived near the store.

On the night in question appellee was returning home, walking north on 14th Street. As he turned left onto Parkwood Place he observed that a truck was parked on the north side of the street and facing in a westerly direction. Its side door was directly opposite the store's stock room door. The only street light in that area is on the south side of Parkwood Place, so that the truck blocked off any reflection that the light would cast on the sidewalk and store to the north.

After turning onto Parkwood Place from 14th Street, appellee proceeded along the north side of the street. As he approached the unloading area he noticed men preparing to unload cartons from appellant's truck.

The sidewalk at that point was estimated to be about nine feet wide consisting of equal widths of paved and unpaved area. He said it was very dark at the time due to the fact that the truck was blocking off the street light. There was no other light adjacent to the truck or building to illuminate the working area, though there was a light inside the stock room which cast some light out the open door. When he was abreast of the truck appellee fell over a small hand truck which had been left in a standing position on the paved portion of the sidewalk, and which he claims not to have seen in the dark. This type of truck stands about four feet high and has curved handles for grasping at the top, with dual wheels and a lift at the bottom.

Appellee further testified that on numerous occasions he had seen hand trucks of this type being used to carry boxes into the store, though they were usually under the control of workers. Also, he had often noted boxes piled at various places on the sidewalk waiting to be carried inside. As to his state of mind and knowledge of the situation at the time of the accident appellee testified as follows:

"Q. You knew from your previous experience that it would be dark that night as you saw the truck stop there, is that right? A. Well, I never gave it a thought. I have been passing there, and after you pass a place for twenty years, you just do it automatically.

"Q. Have you ever walked up on the south side of Parkwood Place from the corner of Fourteenth Street to your house? A. On occasions, but mostly on the north side, very seldom on the south side.

"Q. Is the light good on the south side? A. Yes, because the truck doesn't block that the light out, because the light is on the south side.

"Q. You knew that before you had this accident, is that correct? A. Yes, sir. I never gave it a thought."

One fact must be taken from the testimony of the manager of the store in order to complete the picture presented by appellee's testimony. The manager stated that appellee had complained upon many occasions that Safeway's unloading activities hindered his passage on the sidewalk. It appears that Safeway at one time employed a conveyor method to roll its stock into the store, but upon complaints by appellee to the police was forced to abandon this method and resort to the hand trucks. Appellee had also complained to the manager about trucks blocking the street, and also about other conditions not created by Safeway.

Relating the foregoing facts to the issue at hand we believe that in contributory negligence, as well as negligence, one is bound to anticipate all the reasonably obvious and foreseeable consequences of another's act; that is, to anticipate danger which may reasonably stem from those acts. It is true that a person has a right to assume that another will do his duty and need not anticipate negligence on the part of others; though even knowledge of negligent acts is not a complete bar to recovery where the injury which results could not have been foreseen by a reasonably prudent person. However, if one possesses actual or constructive knowledge of those facts sufficient to put an ordinary person on notice to a dangerous situation created by the negligence of another, it is contributory negligence to fail at that time to exercise a degree of care commensurate with the known circumstances.

By appellee's own statements we conclude that his conduct did not measure up to the standard of care required under the circumstances. He knew from long experience that when Safeway trucks were parked at that place it would be darker than usual along the walk, and that during the process of unloading it was likely that boxes would be left standing at various places throughout the period. As evidenced by his complaints, appellee was aware of the danger involved by the combination of darkness and obstacles on the walk; and though their exact kind and location could not be known, such uncertainty itself required a degree of alertness.

Accordingly it was contributory negligence to proceed in the face of these known perils and to voluntarily encounter them without justification when another way was open to his destination. 38 Am.Jur., Negligence, § 193.

 Appellee not only failed to pursue the safe course, but in passing along the north side of the street he approached the unloading area "automatically" and in spite of his knowledge and past complaints he "never gave it a thought" that he might encounter something in the dark. Absent-mindedness and forgetfulness not the product of a sudden emergency or other compelling circumstances are no excuse for the failure to exercise at least ordinary care in approaching areas of known danger. Brant v. Van Zandt, Fla., 77 So.2d 858; Clark v. Missouri Natural Gas Co., Mo., 251 S.W.2d 27; Ferrie v. D'Arc, 31 N.J. 92, 155 A.2d 257; 38 Am.Jur., Negligence, § 187. We are unaware how appellee could complain to the store manager by day about the trucks, but attempt to pass them by night "automatically" without being contributorily negligent for the injuries he received as a result of an accident.

It was error, therefore, for the court to deny a motion for a directed verdict for appellant as a consequence of appellee's contributory negligence, and the cause is reversed with instructions to enter a judgment for appellant.

Reversed.