Nina STEVENS, Mother and next friend of Anthony Stevens, a Minor, Appellant,

v.

John C. WILLIS, and Richard T. Willis and E. Hillman Willis (a Partnership), Appellees.

No. 2839.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 23, 1961.

Decided Nov. 29, 1961.

James H. Myrick, Washington, D. C., for appellant.

Francis C. O'Brien, Washington, D. C., for appellees. William T. Clague, Washington, D. C., also entered an appearance for appellees.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

SMITH, Judge.

This is an appeal from a directed verdict against appellant in an action for damages resulting from a fall of her two-year-old son Anthony. The issue is whether the evidence justified submission of the case to the jury.

Appellant, her husband, and their children, Ernest (age three) and Anthony lived in a second-floor apartment rented from the appellees. Twenty-four inches above the second-floor landing was a window opening on a narrow porch or balcony. The balcony was about fifteen feet above the ground and had a twenty-seven inch banister railing. One day after noticing that the window was closed, appellant sent Anthony and Ernest out to play. Fifteen minutes later Ernest came to the apartment door and told his mother that Anthony had fallen. Seeing the window open and the balcony empty, she rushed downstairs and found Anthony trying to get up from the sidewalk. She asked Ernest what had happened and he replied, "Tony fell." Appellant's counsel introduced into evidence hospital records which contained contradictory statements that the child had fallen down the stairs and that he had fallen from a second-story window.

Appellant's contention is that the child either found the window open or opened it himself, climbed over the sill to the porch, then over the railing, and fell to the sidewalk. She contends that appellee was negligent in failing to provide a screen for the window after being requested to do so by appellant and in violating District of Co-

lumbia Housing Regulations requiring windows to be screened during the summer months.

■ It is well settled that on a motion for a directed verdict the evidence must be construed most favorably to the plaintiff and he must be given the benefit of every reasonable inference. However, a mere scintilla of evidence is not sufficient. The question is not whether there is any evidence but whether there is evidence upon which a jury could properly find a verdict for the party upon whom the burden of proof was imposed.[1] If, on the evidence presented, no reasonable man could reach a verdict for the plaintiff, the motion should be granted. On appeal the trial court's decision on the motion is entitled to weight because he has seen and heard the witnesses.[2]

■ Viewing the evidence most favorably to the appellant, we think there was insufficient evidence to submit to a jury. The only indication that the child fell from the porch is the statement allegedly made by his three-year-old brother (and he said only that "Tony fell"—not that he fell from the porch) and appellant's testimony that the window was open. There were several possible explanations of the injury to the child, and the theory advanced by appellant was the least likely. He may have fallen down the steps or on the sidewalk as well as from the porch. Since causes other than negligence on the part of appellees might have produced the accident, it was incumbent upon appellant to exclude such causes by a preponderance of the evidence. This appellant failed to do. To submit the evidence to the jury would have permitted them to base a verdict on speculation and conjecture as to how the injury was caused.

Affirmed.

1. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 103, 143 F.2d 142, 143 (1944).

2. Brown v. Capital Transit Co., 75 U.S.App.D.C. 337, 127 F.2d 329 (1942).