George **WINTHROP**, Appellant,

v.

**1600 16TH STREET CORPORATION,**
a corporation, Appellee.

**No. 3643.**

District of Columbia Court of Appeals.

Argued Feb. 15, 1965.

Decided March 31, 1965.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander, Blaine P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellant.

Richard W. Galiher, Washington, D. C., with whom William E. Stewart, Jr., William H. Clarke and William J. Donnelly, Jr., Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

MYERS, Associate Judge.

For about four years prior to July 4, 1963, appellant had been a tenant in an apartment house in the District of Columbia owned by appellee. Its front entrance was equipped with two swinging glass doors, each with vertical glass handles, inside and outside, placed parallel to each other near the center edges. Both doors were transparent except for the usual hardware and the four glass handles. During his four years' occupancy, appellant had used these doors, day and night, without incident.

On July 4, 1963, the air conditioning equipment failed. In an attempt to cool the lobby, the glass doors were fastened in the open position. Appellant went in and out through the doorway several times during that day while the doors were open. That evening, as he entered the building after dark, he did not attempt to reach for the doors to open them as was his usual custom. He said that the habit of doing so had "worn off" and he had expected the

doors to still be in the open position. Instead they had been closed and appellant walked into them, receiving injuries complained of for which he brought suit against the corporate owner of the apartment house.

At the close of appellant's testimony the trial judge directed a verdict in favor of appellee on the ground that appellant was contributorily negligent as a matter of law. This appeal ensued.

When a defendant makes a motion for a directed verdict he is presumed to have admitted, for the purpose of the motion, every fact in evidence and every inference reasonably deducible therefrom. Such motion can be granted only when but one reasonable view can be taken of the evidence and of the conclusions therefrom and when that view is entirely opposed to the plaintiff's right to recover.[1] Appellant does not allege and the record does not reveal either that there was a defective installation of the glass doors or that normal use thereof created a dangerous situation at the front entrance which proximately produced his injuries. He complains only that appellee owed him a duty on this occasion to have warned him in some way that the glass doors were closed and in their normal operating position. Even construing the evidence most favorably to appellant and giving him the benefit of every reasonable inference, we find no valid basis to establish appellee's omission of ordinary care in the maintenance and operation of the glass doors. There was no competent evidence from which reasonable men could infer that restoring the doors to their normal position without some warning was the sole proximate cause of appellant's injury or constituted actionable negligence in respect to the duty imposed by law upon appellee in the maintenance of the glass doors.

The landlord is not an insurer of appellant's safety in even those portions of the building under its control. It must be shown that the landlord was negligent and that its failure to exercise ordinary care in the maintenance of the premises was the proximate cause of the tenant's injury. Proof of the mere happening of an accident does not permit an inference of negligence and the ordinary maintenance of glass doors is not *per se* proof of negligence. Brown v. Alabama Foods, Inc., D.C.App., 190 A.2d 257, 258–259 (1963), citing with approval Elmer Gardens, Inc. v. Odell, 227 Md. 454, 177 A.2d 263 (1962).

In a recent Florida decision, Isenberg v. Ortoma Park Recreational Center, Inc., 160 So.2d 132, 136 (1964), the court set forth a guide rule involving the use of glass doors:

"It is the duty of every person to exercise his individual faculties, physical and mental, to detect and avoid hazards to that degree that an ordinary and reasonable person having the same physical and mental abilities would exercise such faculties under the same circumstances, taking into account the time, place, physical surroundings, and activities being pursued. If an individual fails to exercise that degree of care and caution he is guilty of negligence, and if that negligence proximately contributes to an accident he cannot recover. If the circumstances are such that the court can say 'as a matter of law' that the plaintiff in a case has failed to exercise the required care and caution for his own safety and thereby contributed proximately to his injury, then no jury question is presented, and the court should direct a verdict for the defendant. On the other hand, if reasonable men could differ as to whether or not the plaintiff has exercised the required degree of care and caution or whether or not such failure contributed proximately to

1. Jackson v. Capital Transit Company, 69 App.D.C. 147, 99 F.2d 380 (1938), cert. denied 306 U.S. 630, 59 S.Ct. 464, 82 L.Ed. 1032; Stevens v. Willis, D.C. Mun.App., 175 A.2d 600 (1961); Nash v. Stanley Warner Management Corp., D.C.Mun.App., 165 A.2d 238 (1960).

his injury, the case should be submitted to the jury under proper instructions."

The case before us does not involve a dangerous situation created by the landlord. The glass doors were merely closed in their normal position with which the tenant was fully familiar and had had no prior difficulty. The law does not place upon the landlord the duty to prevent a careless tenant from injuring himself. Smith v. Safeway Stores, Inc., D.C.App., 206 A.2d 264 (1964). If appellant had followed his usual procedure in approaching the glass doors, there would have been no collision with the doors.

We are convinced that appellant was guilty of negligence which as a matter of law contributed to his injury in that he failed to exercise care and caution for his own safety at the time he entered the building. It was his duty to see what was plainly to be seen by the ordinary use of his senses. That the doors were open during the day in question and then returned to their usual closed swinging position when evening came created no dangerous or hidden situation for which the landlord could be held liable.

Although the trial judge directed a verdict only on the issue of contributory negligence, we must presume that he did so upon the assumption that, notwithstanding primary negligence on the part of the landlord at the time and place, there was sufficient evidence as a matter of law showing carelessness on appellant's part contributing in some degree to the accident. We are satisfied that the record would also support a finding that the appellee was free from negligence and that the sole proximate cause of appellant's injury was his failure to see that which, by the exercise of reasonable care, he should have seen and avoided. Pettigrew v. Nite-Cap Inc., 63 So.2d 492, 493 (Fla.1953); Rosenberg v. Hartman, 313 Mass. 54, 46 N.E.2d 406 (1943). We hold that the trial judge properly directed a verdict in favor of appellee.

Affirmed.