**Helen McKEY, Administratrix of the Estate of Agnes Littlejohn, Appellant,**

v.

**Kenneth FAIRBAIRN et al., Appellees.**

**No. 18588.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 9, 1964.

Decided April 15, 1965.

Petition for Rehearing En Banc Denied May 21, 1965.

---

Mr. Samuel Intrater, Washington, D. C., with whom Mr. Albert Brick, Washington, D. C., was on the brief, for appellant.

Mr. William E. Stewart, Jr., Washington, D. C., with whom Messrs. Richard W. Galiher, William H. Clarke and John H. Verchot, Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and DANAHER, Circuit Judges.

WILBUR K. MILLER, Senior Circuit Judge.

By a written contract, Levi McKey rented a dwelling house from Kenneth Fairbairn, agent for Euphemia L. Haynes, on a month-to-month basis beginning January 17, 1958. Agnes Littlejohn, McKey's mother-in-law, occupied a bedroom and other space on the second floor.

On February 20, 1958, apparently as a result of a snow storm, moisture on an area "about twice the size of a pie" was noticed on a wall of Mrs. Littlejohn's bedroom. There was no moisture on the floor. This condition was reported to the appellees and within a week their representative inspected the premises, discovered the dampness on the wall of Mrs. Littlejohn's room, but found no leak in the roof. He agreed to eliminate the cause of the dampness. On the night of February 26, 1958, an all-night rain fell, as a result of which the roof developed a leak and the floor of Mrs. Littlejohn's bedroom became wet. Upon arising the next morning and discovering the floor's condition,[1] Mrs. Littlejohn went over it twice with a mop. Having left the room for a short time, she returned to awaken her grandson, who was sleeping there, and to get her coat. She slipped on the wet floor and fell, sustaining certain injuries.

On April 24, 1959, Mrs. Littlejohn brought this suit to recover damages from the owner of the house and her

---

1. It was not a puddle, she said, and was not actually running water. She merely said, "It is [sic] wet."

agent. In her complaint, she alleged that the floor on which she slipped and fell

"*  *  * was wet and dangerous due to a leaking roof which the defendants, or either them, knew or should have known in time to have repaired said damage; that actually defendants, or either of them, had notice of said defect by February 20, 1958, and that previously there had been difficulty and trouble with the roof."

Mrs. Littlejohn died May 27, 1960, from causes unrelated to the fall, and Helen McKey, her administratrix, was substituted as plaintiff.

The statement of the pretrial proceedings filed March 12, 1963, contains the following:

"PLAINTIFF asserts that on February 27, 1958, Agnes Littlejohn slipped and fell on the wet floor in her second floor bedroom on premises 814 Constitution Avenue, N. E.; that the wet floor was caused by a leaking roof and wall; that her fall and resulting injuries and damages were caused by the following negligence of D:

"Failure to repair roof and eliminate dangerous condition of roof and walls allowing entry of water, after notice thereof and promise by the Ds to make such repairs, in breach of duty owed under the lease."

During the progress of the trial, the District Judge asked appellant's counsel this question:

"Do you agree that the allegation of negligence in this case is as set forth in the pre-trial order, which reads as follows: Failure to repair roof and eliminate dangerous condition of roof and walls allowing entry of water, after notice thereof and promise by the defendants to make such repairs, in breach of duty owed under the lease? That is your contention?"

To which he replied, "Yes, sir, Your Honor." The judge then asked:

"Do you both agree on that, that is the allegation of negligence, that is the issue in the case?"

Again appellant's counsel answered, "Yes, sir." Later in the trial, counsel for appellant moved to amend the pre-trial order to permit him to introduce certain sections of the District of Columbia Housing Regulations, particularly Section 2507 which requires that roofs shall be leakproof, and that rain water shall be drained so as not to cause wet walls or ceilings. The trial judge denied the motion, and directed a verdict for the defendants.

The administratrix appeals, stating thus the questions presented:

"1. Did the Court err in directing a verdict for appellees where evidence was presented that said appellees—landlords—had notice of a leakage in the roof, which leakage caused plaintiff to slip and suffer injuries, and where said landlords had promised to repair said condition?

"2. Did the Court err in refusing to admit into evidence pertinent housing regulations where counsel for plaintiff first became aware of them during the course of trial and proffered them while still putting on plaintiff's evidence; particularly where counsel for *defendants* had admittedly been familiar with these regulations?"

In the first question, appellant states that evidence showed appellees had notice of a leakage in the roof which caused Mrs. Littlejohn to slip and suffer injuries. The statement is inaccurate. The evidence shows only that about a week before the accident the appellees were notified that, after a snowfall, a small moist spot was seen on a wall in Mrs. Littlejohn's room. This was not notice of a leakage in the roof, and in fact none had developed at that time. It was shown in evidence that nearly a week later, after a night of continuous rain before the morning of the accident, the roof leaked enough to moisten the floor where Mrs. Littlejohn fell. There was

no evidence that appellees had either actual or constructive notice of this condition, or that they promised to repair it. From the foregoing, it is seen that the first question stated by appellant does not apply to this case.

We observe that the lease did not obligate the landlord to make repairs but, on the contrary, contained the usual covenant on the part of the tenant to surrender the premises in as good condition as when received. It is true the tenant agreed the landlord might have access for the purpose of "making any repairs Landlord considers necessary or desirable." But this did not make the landlord a covenanter to repair. It follows that, because the lease did not impose upon the landlord the duty to repair, there could be no breach of such duty here.

In Bowles v. Mahoney [2] we quoted with approval the following paragraph from Security Savings & Commercial Bank v. Sullivan: [3]

" * * * It is settled law that where the owner of premises, by lease, parts with the entire possession and control of the premises, and the tenant, either by express provision of the lease or by the silence of the lease on that subject, assumes liability for the keeping of the premises in proper repair, the tenant, and not the owner, will be liable in cases of an accident due to negligence in allowing the premises, or any portion thereof, to get out of repair."

Here, the landlord parted with the entire possession of the house, and did not agree to make repairs, so it was the duty of the tenant to keep the premises in proper repair.

The second question presented by the appellant remains to be answered. Appellant refers to the housing regulations which she offered as "pertinent." It is suggested the proffered regulations relate only to multiple-unit dwellings and are not pertinent here. Whether so or not, we need not decide because we hold the trial judge acted within his discretion in refusing to receive the housing regulations. In the recent case of Gould v. DeBeve [4] we said in footnote 2:

"In any event the principal ground advanced for the exclusion of Section 2608 was that no reference had been made to this section of the Code in the pre-trial statement. We enter here into the area of the trial court's justifiably large discretion in the conduct of a trial, and we cannot say that that discretion was abused in this instance."

In like manner, we hold the trial judge in this case did not abuse his "justifiably large discretion" in refusing to permit appellant to change her theory during the trial.

In addition to the foregoing, there is another reason for upholding the trial court's action in directing a verdict for the defendants. There was no possibility of constructive notice to the landlord about the wetness of the floor of Mrs. Littlejohn's room. But she was well aware of the condition, as shortly before she had mopped the floor twice. Then, on re-entering the room to awaken her grandson and get her coat, she slipped on the floor she knew was wet. She had not forgotten it,[5] but was thinking only of getting her coat to go to work. This was a frank admission that her own negligence caused the accident, for of course one can walk on a wet floor with-

---

2. 91 U.S.App.D.C. 155, 202 F.2d 320 (1952), cert. denied 344 U.S. 935, 73 S.Ct. 505, 97 L.Ed. 719 (1953).

3. 49 App.D.C. 119, 120, 261 F. 461, 462 (1919).

4. 117 U.S.App.D.C. 360, 362, 330 F.2d 826, 828 (1964).

5. When asked in her deposition if she had forgotten about the floor being wet, she said:

"No, I know [sic] it was raining and it had been wet. I didn't think about falling, and I was going to get my coat and go to work."

out falling if the condition is known and proper care is exercised.[6] Thus, even if it be thought that somehow appellees were negligent, the trial judge would have been justified in instructing the jury that Mrs. Littlejohn was contributorily negligent as a matter of law. As Judge Leo Rover said in Safeway Stores, Inc. v. Feeney:[7]

"* * * Contributory negligence is, of course, an issue of fact for the jury unless only one reasonable inference can be drawn from the evidence, in which case it becomes a matter of law for the court to decide. Reading v. Faucon, D.C.Mun.App., 134 A.2d 376, and cases cited therein. And a plaintiff's own testimony may be used to show contributory negligence on his part as a matter of law. Eclov v. Dalton, D.C.Mun.App., 38 A.2d 661."

See also Winthrop v. 1600 16th Street Corp., D.C.App., 208 A.2d 624 (decided March 31, 1965), in which Judge Myers said:

"* * * We are satisfied that the record would also support a finding that the appellee was free from negligence and that the sole proximate cause of appellant's injury was his failure to see that which, by the exercise of reasonable care, he should have seen and avoided. Pettigrew v. Nite-Cap Inc., 63 So.2d 492, 493 (Fla.1953); Rosenberg v. Hartman, 313 Mass. 54, 46 N.E.2d 406 (1943). * * *"

We are clear that the trial judge did not err in directing a verdict for the defendants.

Affirmed.

FAHY, Circuit Judge (dissenting).

The service performed by pre-trial procedure is of unquestionable value. A case arises occasionally, however, in which the latitude granted to the trial judge by Rule 16, FED.R.CIV.P., to depart from the pre-trial order should be used. The Rule provides that the order controls the subsequent course of the action "unless modified at the trial to prevent manifest injustice." There is no touchstone by which to determine when "manifest injustice" would be prevented by permitting modification. A case must be judged according to its circumstances. The circumstances which lead me to dissent include the important one that the law in this jurisdiction applicable to the legal obligations of a landlord to a tenant includes our decision in Whetzel v. Jess Fisher Management Co., 108 U.S.App. D.C. 385, 282 F.2d 943 (1960). We there held his obligations embrace those imposed by applicable Housing Regulations. Those urged to apply here were not referred to in the pre-trial order. Nevertheless they are public regulations, and Whetzel v. Fisher is a decision of this court. A question for determination at the trial should have been whether the regulations applied and, if so, whether the injury of the tenant was proximately caused by their violation. In deciding the matter of "manifest injustice," or, otherwise stated, "manifest justice," the

---

6. This court has not heretofore considered a comparable question, but in Safeway Stores, Inc. v. Feeney, 163 A.2d 624, 627 (1960), the Municipal Court of Appeals (now the District of Columbia Court of Appeals) dealt with a similar situation. There, in the darkness, Feeney fell over a hand truck on the sidewalk. The court found that he knew of the hazardous condition, relied on his own statement that he "never gave it a thought," and held contributory negligence as a matter of law. The opinion said:

"Appellee not only failed to pursue the safe course, but in passing along the north side of the street he approached the unloading area 'automatically' and in spite of his knowledge and past complaints he 'never gave it a thought' that he might encounter something in the dark. Absentmindedness and forgetfulness not the product of a sudden emergency or other compelling circumstances are no excuse for the failure to exercise at least ordinary care in approaching areas of known danger. * * *"

7. 163 A.2d 624 (D.C.Mun.App.1960).

failure of counsel specifically to bring forth this theory of liability until during the trial must be weighed against the possible prejudice to defendant in then permitting departure from the pre-trial order. The defendants could have been given opportunity to meet the case sought to be based on the regulations; but unless plaintiff were permitted to seek reliance upon them he was, of course, "out of court" entirely with respect to them.

Failure to include the regulations in the pre-trial order appears not to have been deliberate. Plaintiff is thus made to suffer from an inadvertence counsel sought to have remedied at the trial. Any possible disadvantage to experienced counsel for defendants, by permitting the requested departure from the pre-trial order, could have been obviated by a continuance if counsel so desired. In any event the disadvantage to defendants is more than outweighed, it seems to me, by the disadvantage to plaintiff in unnecessarily limiting consideration of her case to only a part of the law which might be found applicable. Manifest injustice is more likely to occur when the applicable law is precluded from consideration because not referred to in the pre-trial order than when the preclusion is of evidentiary matter which takes the adversary by surprise.[1]

The position of my brethren on this aspect of the case seems to me inconsistent with the approach of this court to a somewhat similar problem in Morgan v. Garris, 113 U.S.App.D.C. 222, 307 F.2d 179 (1962). And see Meadow Gold Products Co. v. Wright, 108 U.S.App. D.C. 33, 278 F.2d 867 (1960).

The court also gives as a reason for affirmance that the decedent's own negligence caused the accident. The trial court did not mention this in its direction of a verdict for defendants and it was not advanced by them on the appeal as ground for affirmance. I would not affirm on this ground; for the question of contributory negligence should be initially considered and answered in the District Court.

---

[1] I have not sought to solve the problem on the theory, not urged, that the pretrial order might be read to allow the inclusion of the Housing Regulations in evidence without necessity for its amendment. But see, in this connection, Johnson v. Geffen, 111 U.S.App.D.C. 1, 294 F.2d 197 (1960).