ADAIR MATTOX, Appellee, v. MOTEL
INVESTMENT COMPANY, a Tennessee Corporation
and Motel Investment Company d/b/a Howard
Johnson's Motor Lodge. Appellant. —461 S.W.2d 46.

Western Section. February 4, 1970.

Certiorari Denied by Supreme Court May 4, 1970.

Timothy A. Ryan, Nelson, Norvell, Wilson, McRae, Ivy & Farmer, Memphis, for appellant.

William K. West, Jr., Ely, West, & Swain, Memphis, for appellee.

CARNEY, P.J.  The plaintiff below, Mrs. Adair Mattox, age 26, was injured when she walked into a sliding glass door at a Howard Johnson Motor Lodge located at 3280 U.S. Highway 51 S. in Memphis, Tennessee, on the

night of July 30, 1965. The jury awarded the plaintiff a judgment of $5,000. Judgment was entered on the verdict and the defendants have appealed in error.

On the night in question the American Airlines, Inc. was having a party at the Motor Lodge for office and clerical personnel from Memphis, Nashville, and Little Rock. Plaintiff, Mrs. Mattox, first went to the party about 5:00 P.M. while off for dinner; she returned to the office about 5:45 and worked until 10:00 P.M. when she completed her day's work. She returned directly to the motel where the party was in progress arriving there about 10:15 P.M.

The focal point of the party was room 30 B of the motel. In that room much of the furniture had been removed to allow dancing, tables were set up for serving food and also a bar was set up to serve drinks, both alcoholic and non-alcoholic.

The rooms of the motel open out on a large courtyard surrounding a swimming pool. Entrance to the various rooms from the parking lot is by means of solid wood doors. The exit from the rooms to the courtyard and swimming pool is by wide, heavy sliding panel glass doors. Guests at the party numbering approximately fifty mingled and mixed in room 30 B and out on the courtyard around the pool.

The wall of room 30 B adjacent to the courtyard consisted of one wooden panel about four feet wide; two glass panels each approximately 4½ feet wide and 9½ feet tall. One glass panel was stationary; the other glass panel constituting the door was on a track, top and bottom. The wooden panel butted against one wall of the room. The stationary glass panel was in the center and

the sliding glass panel door when shut butted against the wall of the room opposite the one butted by the wood panel. When the glass door was open it slid back over the stationary glass panel. Drapes or curtains could be drawn to cover the two glass panels or they could be drawn back to the edge of the wood panel to let in a view of the courtyard.

Several times between 10:15 and 11:30 P.M. the plaintiff, Mrs. Mattox, went from room 30 B out onto the courtyard and around the swimming pool and back into the room for food and drink. The proof is that from 10:15 until the time she was injured she had had one glass of 7-Up and bourbon whisky. At the time of her injury she had taken a second glass but consumed only a small portion of it.

The lights in room 30 B were off but the room was indirectly lighted by a light from the bathroom. There was a bright light outside room 30 B on the wall near the stationary glass panel.

Apparently everyone was having a good time at the party. Mrs. Mattox had come to the party without her bathing suit but some of the guests either coaxed her or pushed her into the swimming pool in her street clothes. Mrs. Mattox explained that she had on a cotton dress and that no great harm would be done by going in swimming fully clad and therefore, she did not object to being coaxed or pushed into the pool. She did not remember at the trial whether she was pushed or coaxed into the pool. After swimming a short while she became rather chilled and started back into room 30 B from the courtyard. She walked into the glass panel door which had been shut without her knowledge since she last walked through

the doorway. On her previous trips through the doorway to and from room 30 B the doorway was open and the glass door pushed back behind the curtains parallel with the stationary panel glass door. The proof does not show who shut the door or when it was shut.

Mrs. Mattox sustained a broken nose and other injuries about her face requiring plastic surgery. No assignments are directed to the amount of the judgment and her injuries will not be noticed further.

The plaintiff contended that the defendant was negligent in failing to put decals or other marks on the sliding glass panel door so that the plaintiff and others lawfully on the premises could more readily see that the doorway was closed by the sliding door panel and that the maintenance of the sliding glass panel without distinguishing marks gave an illusion of space and that the defendant should have anticipated that the plaintiff or other guests of the motel might fail to see the door in its then condition, walk into it and be injured.

Plaintiff further insisted that the drapes in the room, when drawn, masked the metal borders or frames of the two glass panels and left revealed only the floor and ceiling tracks and that the inside borders of the fixed and movable panels, when overlapped, made a central metal divider which was the same in appearance whether the sliding glass panel was fully opened or fully closed.

The defendants contended that there was a decal and also a handle on the sliding glass door which made the door readily seen. Defendant insisted that the glass panel and glass door were fully lighted by a light placed outside the room; that the doors at night had high reflective value and could easily be seen; that the doors in the

motel were designed by skillful architects in such a manner as to afford safety for the patrons of the motel and that the plaintiff's injuries were, in fact, caused by the contributory negligence of the plaintiff in walking into the doorway without watching carefully where she was going.

The jury found the issues in favor of the plaintiff and the Trial Judge approved the verdict.

The principal assignment of error is that the Trial Judge should have directed a verdict in favor of the defendant at the conclusion of all the proof.

We are cited to no Tennessee case covering this question. The cases in other jurisdictions are in conflict. Reference is made to 68 A.L.R.2d, page 1204 for the annotation "Colliding With Glass Door or Panel." In one of the earlier cases, Rosenberg v. Hartman (1943), 313 Mass. 54, 46 N.E.2d 406, the plaintiff walked through an open door. Later, as he left the store, he walked into the glass door which had been closed in the meantime. The plantiff failed to see the door which was one large piece of transparent glass swung on pins at the top and bottom, with glass handles about a foot in length, fastened to the door by light colored metal fittings at each end, and with a metal plate with a key hole at about the usual position of a lock, and it appeared that there was no sign or inscription on the door. The court held that the defendant as a matter of law was not guilty of negligence.

In Shannon v. Bigelow-Sanford Carpet Co. (1957), 96 Ga.App. 458, 100 S.E.2d 478, the entrance to the defendant's place of business consisted of a solid glass panel and a solid glass door framed by metal strips which gave the appearance of being two double glass doors.

Plaintiff started to push against what he thought was a swinging glass door but which turned out to be a fixed glass panel. His attention was diverted from the door at about the time he put his hand against the plate glass panel. The glass in the panel broke and injured the plaintiff. It was held that the plaintiff's petition sufficiently alleged negligence on the part of the defendant.

In Kanner v. Best Markets, Inc. (1958), 188 Pa.Super. 366, 147 A.2d 172, plaintiff and his wife entered the defendant's market for the first time from a lighted parking lot. The inside of the store was also lighted. There were several doors but the plaintiff walked through a solid glass panel 18 inches wide with no lettering on it but having a chrome strip 6 inches from the floor. The plaintiff and wife assumed it to be another manner of entrance. It was held that the question of negligence of the defendant and contributory negligence of the plaintiff were properly left to the jury which found in favor of the plaintiff.

In some cases it has been held that plaintiffs who walked into glass panels or doors were guilty of contributory negligence as a matter of law. See Dukek v. Farwell, Ozmun, Kirk & Co. (1956), 248 Minn. 374, 80 N.W.2d 53; Pettigrew v. Nite-Cap, Inc. (1953, Fla.), 63 So.2d 492; Stone v. Hotel Seville, Inc. (1958, Fla.App.), 104 So.2d 847.

In a divided opinion in the case of Shannon v. Broadway & 41st Street Corp. (1947), 272 App.Div. 1029, 73 N.Y.S.2d 711, Aff'd 298 N.Y. 589, 81 N.E.2d 324, a judgment for a plaintiff patron of defendant's restaurant was sustained. The plaintiff assumed that he was walking through an unobstructed exit and walked into a plate

glass window which was not made visible by posters or any other device to one using the passageway.

Upon the trial of the case at bar, photographs of the glass panel and the glass door which plaintiff Mrs. Mattox ran into taken from outside Howard Johnson's Motel at night were rejected by the Trial Judge because of the inability of the photographer to obtain the same lighting effects as prevailed on the night of the injury. Photographs of the panel and doorway taken from the outside in the daytime, one with the door open and one with the door shut, were admitted in evidence. The handle on the door is barely visible in the photograph, appears to have been made out of the same metal with the same color as the metal frame around the doorway and was mounted in a vertical position.

The decal 30 B which appeared to be about 2 inches high was placed over to the right or next to the metal frame of the door next to the brick wall and can be seen in the photograph. The brick wall which formed one side of room 30 B extends out into the courtyard so that one looking from the courtyard into the room through the glass door sees a continuation of the same wall inside.

From the testimony of the witnesses, the manner in which the plaintiff was injured, a study of the photographs in the record and the construction of the brick wall, we hold that reasonable men might draw different conclusions as to whether or not the defendant Motel Investment Company, in the installation of the glass door and glass panel in question, could have and should have anticipated that a person might walk into the glass door when closed and become injured.

■ We also hold that here was some evidence before the jury that the decal 30 B was not actually on the door as a warning sign to the plaintiff at the time she was injured. We also hold that the jury might reasonably find that even if the decal 30 B indicating the room number was, in fact, placed on the door, it was over too close to the metal frame to constitute a sufficient warning to the plaintiff and others under the various lighting conditions which would prevail from time to time in the occupancy of the room and courtyard; and that the jury might reasonably find that the decal, if to be used as a warning, should have been larger and placed over more in the center of the glass panel door; and that the jury could reasonably have found that the defendant was guilty of proximate negligence in failing to mark the doorway in this manner or some other manner to make the glass door plainly visible. His Honor quite properly overruled the motion to direct a verdict in favor of the defendant. Poe v. Atlantic Coast Line Railroad Co., 205 Tenn. 276, 326 S.W.2d 461; Johnson v. Johnson City, 41 Tenn.App. 148, 292 S.W.2d 794; Warren v. Crockett, 211 Tenn. 173, 364 S.W.2d 352; Stephens v. Murphree, 58 Tenn.App. 497, 433 S.W.2d 673.

■ For the same reason set out above we hold that His Honor the Trial Judge quite properly submitted the question of contributory negligence of the plaintiff to the jury. Even where facts are uncontradicted, the question of negligence is for the jury if minds of reasonable men may draw different conclusions or inferences therefrom. Nashville, Chattanooga & St. L. Ry. Co. v. Crawford, 39 Tenn.App. 37, 281 S.W.2d 69.

■ Assignment of error No. II complains of the action of the Trial Court in failing to grant three special

requests made by the defendant below. Special requests Nos. 1 and 2 are based on our case of DeRossett v. Malone, 34 Tenn.App. 451, 239 S.W.2d 366. They charge, in substance, that the plaintiff is presumed in law to have seen what he should have seen and that he cannot justify himself by saying that he looked and did not see an object that he must have seen had he been careful and attentive unless there had been some circumstance or condition to excuse him from seeing the object which was in front of him. We do not deem it necessary to consider the holding of DeRossett v. Malone in connection with this assignment of error because the two special charges go to the very heart of the lawsuit. The question of visibility of the doorway to the plaintiff and the warnings of its presence were questions peculiarly for the jury. His Honor the Trial Judge would have been infringing upon the province of the jury to have charged special requests 1 and 2. Special request No. 3 was substantially covered under the general charge of the Court. Therefore, assignment of error No. II is overruled.

■ Assignments of error Nos. III and IV complain of the action of the Trial Court in permitting the witnesses, Wanda Brown Baker and John Campbell, to testify that in June, 1968, and December, 1968, some three years after the plaintiff's accident they visited the defendant's motel and observed that decals were missing from the sliding doors on rooms 28 and 29 which were adjacent to room 30 B where plaintiff was injured. One of defendant's witnesses, in emphasizing that the decal 30 B was on the door at the time of the accident, had testified that none of the decals on any of the glass doors had ever been lost except one which had to be replaced after a glass was broken. We think it was within the discretion

of His Honor the Trial Judge to admit or reject the rebuttal testimony and his action in admitting it will not be reversed. Gray v. State, 194 Tenn. 234, 250 S.W.2d 86. Assignments of error Nos. III and IV are respectfully overruled.

Also we are of opinion that if such evidence was, in fact, inadmissible it was harmless error. We find from a reading of the record that the rejection of such evidence would not have resulted in a different verdict in the lower Court. T.C.A. Section 27-117.

The judgment of the lower Court will be affirmed and the cost of the appeal taxed against the appellant and its sureties.

Matherne and Taylor, JJ., concur.