920 F.2d 1039
 287 U.S.App.D.C. 245
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Henry S. JACKSON, Appellant,
v.
SAFEWAY STORES, INC., et al., Appellees.
 No. 90-7022.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 17, 1990.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 The judgment of the District Court is affirmed. We find that appellant Henry Jackson was contributorily negligent as a matter of law and that the trial judge therefore properly directed a verdict in favor of defendant Safeway Stores, Inc. Based on the facts adduced at trial, there was but one inference possible: that Mr. Jackson failed to exercise the degree of care required under the circumstances. See Safeway Stores, Inc. v. Feeney, 163 A.2d 624 (D.C.1960) (trial court must direct verdict for defendant where plaintiff's conduct could only be viewed as contributorily negligent). Because we affirm the judgment on the grounds of contributory negligence, we need not reach the question of whether Mr. Jackson voluntarily assumed the risk of his injury.
 
 
 5
 A directed verdict in favor of defendant Penn Branch Partnership was also proper because Mr. Jackson failed to make any showing that the Partnership owed a duty of care with regard to the Safeway premises.