IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## CARSON MADISON, ET AL. v. PICKETT COUNTY BANK and TRUST CO., ET AL.

**Direct Appeal from the Circuit Court for Pickett County**
**No. 965J     John A. Turnbull, Judge**

---

**No. M1999-00003-COA-R3-CV - Decided May 25, 2000**

---

This is an appeal by Plaintiffs from summary judgment dismissing their complaint against a commercial bank in a premises liability case predicated on allegations of violation of a duty to maintain the premises in a safe condition. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

CAIN, J., delivered the opinion of the court, in which KOCH, and COTTRELL, J.J., joined.

Phillips M. Smalling, Byrdstown, Tennessee, for the appellants, Carson Madison and Carolyn Madison.

Daniel H. Rader, III, Cookeville, Tennessee, for the appellees, Pickett County Bank and Trust Co. and Union Planters Bank of The Cumberlands.

**OPINION**

This appeal results from the trial court's grant of Defendant's motion for summary judgment in a premises liability case. The plaintiff Mr. Madison was injured while exiting Defendant's place of business. The Madisons filed suit in Pickett County Circuit Court at Byrdstown on March 29, 1996. In their complaint they alleged in pertinent part:

5. That the configuration of the entrance/exit and the designation of parking spaces created a defective and unreasonably dangerous condition on the premises of the Defendant. The Defendants were aware of the condition through their agents, officers and employees prior to Plaintiff's injury and could have corrected the condition or given warning of the condition. That the Defendant owed a duty to the

Plaintiff to maintain the premises in a reasonably safe condition exercising ordinary care and a duty to give warnings when appropriate.

According to the Madisons, Defendant Pickett County Bank breached its duties by failing to correct the allegedly unreasonably dangerous condition or to warn Mr. Madison of that dangerous condition.[1]

On June 30, 1997, Pickett County Bank filed its Motion For Summary Judgment, alleging inter alia that any defect in the premises was open and obvious. This motion was initially denied by the trial court's order entered September 17, 1998, "in light of the *Coln v. The City of Savannah* [case] and that a jury question is presented." Upon Defendant's motion the court reconsidered it's previous denial, granting summary judgment and finding that the injuries to the plaintiffs were not foreseeable under the circumstances engendered by the facts of the case. The sole issue presented for review is the propriety of the summary judgment grant.

The standard of review is clear in cases concerning a grant of summary judgment. We review the decision of the trial court *de novo* with no presumption of correctness on appeal. We view the evidence in the light most favorable to the non-movant, allowing all necessary inferences in its favor and discarding all countervailing evidence, to determine whether a genuine dispute exists as to any of the material facts. *See Byrd v. Hall,* 847 S.W.2d 208, 210-11 (Tenn. 1993). If, upon review, a genuine issue exists or if there is doubt as to whether such issue exists, the summary judgment is improper and should be reversed. *See Evco Corp. v. Ross,* 528 S.W.2d 20, 24 (Tenn. 1975). In premises liability cases like the one at bar, our supreme court has said, "A summary judgment remains appropriate, for example, where the plaintiff has not produced sufficient evidence to meet the "duty" component, or any other component of a negligence claim, as a matter of law." *Coln v. City of Savannah,* 966 S.W.2d 34, 44 (Tenn. 1998) (citing *Byrd v. Hall,* 847 S.W.2d 208 (Tenn. 1993). *See also* Tenn. R. Civ. P. 56.04.

The following facts are not disputed. Mr. Madison normally visited the Pickett County Bank at another time of day on another day of the week. On the day in question Mr. Madison was exiting the bank in the afternoon when he became blinded and disoriented by the glare of direct and reflected afternoon sunlight. The reflected sunlight came from the chrome and finish of a car which was legally parallel-parked directly in front of the bank's entrance. The combination of direct and reflected sunlight drastically reduced Mr. Madison's ability to visually distinguish objects in his path thereby disorienting him in his trajectory from the inner vestibule doors to the outer exit doors. While in this blinded and disoriented state, Mr. Madison did not stop walking. He did not request assistance. He did not attempt to shade his eyes. He did not return to the lobby, slow his present course or wait until such time as his eyes could adjust to the glare. He proceeded in what he thought was a forward direction and, instead of exiting through the outer doors, crashed headlong into the

---

[1]Defendant Union Planters Bank of the Cumberlands is the successor in interest to Defendant Picket County Bank. For the sake of clarity. All subsequent references to Defendant by name will be to Pickett County Bank.

plate of glass that ran the height of the vestibule between the rightmost door and the vestibule wall. The inner vestibule doors were open at an obtuse angle allowing free movement throughout the vestibule, rather than funneling exiting customers toward the outer doors. Plants which from time to time had occupied a position in front of the plate glass windows to either side of the outer doors were moved toward the center of the vestibule. There were no decals or placards on those plate glass windows distinguishing them from the glass of the doors. The doors had pushbars on them. The inner doors were similarly flanked by glass, however these windows were concealed by drape. Mr. Madison entered the inner vestibule doors under his own power in his normal brisk pace, a pace which apparently never abated until the ultimate collision. Appellants would urge the application of *Coln v. City of Savannah*, 966 S.W.2d 34 (Tenn. 1998), to the case at bar. They argue that the glare in the Defendant's vestibule constituted an unreasonably dangerous and defective condition in the premises, albeit "open and obvious." They assert that summary judgment would be improper inasmuch as the "the foreseeability and gravity of harm posed from [Pickett County Bank]'s conduct, even if "open and obvious," outweighed the burden on [the Bank] to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care." *See Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn. 1998). Since we find that harm to Mr. Madison was not foreseeable under the circumstances, we must disagree. Despite Appellant's argument to the contrary, the case at bar is more similar in fact to *Eaton v. McLean,* 891 S.W.2d 587 (Tenn. 1994). The Court in *Coln* recognized the very difference which characterizes the instant appeal. Said the Court:

> Although we concluded that, under the specific facts of the *Eaton* case, no duty should be imposed, our holding recognized that the result could easily have been different and a duty could have been imposed:
>
>> In order for the [defendants] to be charged with the duty to leave on the light in the hall and to lock the basement door, they must have been able to reasonably foresee that [the plaintiff] would get out of bed in total darkness, walk across the hall, and step into the basement stairwell, all without turning on any lighting whatsoever. While our holding would likely be different if no lighting had been provided or if it had been inoperative, [the plaintiff's] failure to turn on any lights, coupled with her willingness to open the door and step into an unfamiliar area is such a radical departure from reasonable conduct under the circumstances that the [defendants] could not have reasonably foreseen that conduct and its consequences.
>
> *Id.* at 594. Accordingly, although we cited the "open and obvious" rule, we did not label the dark stairwell an open and obvious danger and then hold that no duty should be imposed; instead, the duty question was analyzed with respect to the traditional components of foreseeability and risk of harm as applied to the facts of the case. *Id.* at 594.

*Coln v. City of Savannah,* 966 S.W.2d 34, 43 (Tenn. 1998). We might hold differently were Mr. Madison to have intentionally walked into what he believed was open space. From time to time genuine issues of material fact have been created where, a plaintiff, perceiving what could be seen as open space, collides with plate glass doors or panels. *See Mattox v. Mutual Invest. Co.,* 461 S.W.2d 246, 48-49 (Tenn. Ct. App. 1970) (reasonable minds could differ as to whether one might walk into a closed glass door.) *See also National Bank of Alaska v. McHugh,* 416 P.2d 239, 242 (Alaska 1966) ("Illusion of Space"). Under the circumstances engendered in the instant controversy, neither Pickett County Bank, nor its employees could reasonably foresee Mr. Madison's choice to proceed through the vestibule without being able to perceive a clear exit from the building. Despite Mr. Madison's familiarity with the Pickett County Bank, the sudden onset of blindness resulting from the sun's glare would make the most familiar foyer inhospitable to normal egress. The proximate cause of Mr. Madison's injury was his own inattention,[2] and as in *Eaton v. McClain,* his actions were such a radical departure from reasonable conduct under the circumstances that Defendant could not have reasonably foreseen it or its consequences.

For the reasons and under the authorities cited above, the summary judgment entered below is affirmed in all respects. The cause is remanded for further proceedings as may be necessary. The costs on appeal are taxed against the appellants, Carson and Carolyn Madison.

---

[2] Mr. Madison's affidavit submitted in response to Pickett County Bank's motion to reconsider reveals that he did not realize that the glare from the automobile interfered with his ability to perceive until after a retrospective examination of the scene. This is the very inattention which Pickett County could not have foreseen.