IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 7, 2003 Session

## KAY BAKER WRIGHT, ET AL. v. 304 BROADWAY, L.L.C.

**Appeal from the Circuit Court for Davidson County**
**No. 00C-2215    Carol Soloman, Judge**

---

**No. M2002-00952-COA-R3-CV - Filed May 6, 2003**

---

The Circuit Court of Davidson County granted summary judgment to the owner of a building in a slip and fall case. We concur with the trial court in its conclusion that the defendant did not owe the plaintiff a duty to make its premises safer and that the plaintiff's own negligence was more than 50 percent of the cause of the accident. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and W. FRANK BROWN, III, SP. J., joined.

Darrell G. Townsend and Neil M. McIntire, Nashville, Tennessee, for the appellants, Kay Baker Wright and Robert Charles Wright.

Philip M. Kirkpatrick and Mary B. Langford, Nashville, Tennessee, for the appellee, 304 Broadway, L.L.C.

### OPINION

### I.

The defendant in this case, 304 Broadway, L.L.C., owns a vacant building at 306 Broadway in a historic section of downtown Nashville. A wide brick sidewalk extends from the street curb to the property line at the front of the building. The building had three front doors set back about a foot and a half from the edge of the sidewalk and about a foot above it. For as long as anyone remembers, access to each of the front doors has been up a short ramp or incline from the edge of the sidewalk to the floor level at each door.

On a hot afternoon, August 7, 2000, the plaintiff, Ms. Wright, and a group of companions were walking east on the sidewalk where it passed the building at 306 Broadway. One of the group

stopped to take a picture of a building across the street, and Ms. Wright stopped too, facing the street. She looked over her shoulder for some shade and saw that the front of No. 306 was in a shadow. She backed into the shade and stepped backwards onto the incline leading up to one of the doors of the building. She lost her balance and fell, breaking her right ankle.

Ms. Wright and her husband sued 304 Broadway, L.L.C. for negligence, alleging that the premises at 306 Broadway were unreasonably dangerous and that the owner had a duty to prevent accidents like the one that happened to Ms. Wright. The defendant filed a motion for summary judgment on the grounds that the record would not support a negligence claim and that Ms. Wright's own negligence amounted to more than 50 percent of the cause of the accident. The trial court granted the motion on both grounds.

## II.
### THE STANDARD OF REVIEW

Our Supreme Court recently repeated the drill for reviewing a summary judgment.

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

*Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000).

## III.

### THE DUTY ISSUE

The basis for any negligence claim is a duty of care owed by the defendant to the plaintiff. *Coln v. City of Savannah*, 966 S.W.2d 34 (Tenn. 1998). Whether a defendant owes the plaintiff such a duty is a question of law to be determined by the court. *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). Our Supreme Court has described how the concept of duty arises and how it is affected by the circumstances:

> Duty is the legal obligation a defendant owes to a plaintiff to conform to a reasonable person standard of care in order to protect against unreasonable risks of harm. In assessing whether a duty is owed in a particular case, courts must apply a balancing approach, based upon principles of fairness, to identify whether the risk to the plaintiff was unreasonable. This Court has stated that a "risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." The court must consider several factors in determining whether a risk is an unreasonable one, including:
>
> > the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance of social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct. (Citations omitted)

*Id.* at 89.

The plaintiffs argue that the defendant had a duty to do something that would have prevented the accident, because it was foreseeable that an accident might occur. But nearly anything is foreseeable. Instead, "the plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than not would have prevented the injury." *Tedder v. Raskin*, 728 S.W.2d 343, 348 (Tenn. Ct. App. 1987).

We agree with the trial judge that it was not a reasonably foreseeable probability that someone would be seriously hurt on the incline up to the floor level at 306 Broadway. The building was not open for business and the incline was completely off the sidewalk. Pedestrians would not ordinarily have the occasion to step onto the incline leading to the doorway at 306 Broadway. Therefore, as a matter of law, the defendant did not have a duty to take any steps to improve the premises.

## IV.
### COMPARATIVE FAULT

Under our system of comparative fault, a plaintiff cannot recover if her own fault is 50 percent or more of the cause of the accident. *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992). The courts may decide this question as a matter of law if, after taking the strongest legitimate view of the evidence in the plaintiff's favor, it can be determined beyond question that the fault attributable to the plaintiff is equal to or greater than the fault attributable to the defendant. *Eaton v. McLain*, 891 S.W.2d 587, 590 (Tenn. 1994).

We think the plaintiff's conduct meets this test. She had a duty to watch out for her own safety. Even if the defendant violated some duty of care owed to the plaintiff, her conduct in backing off the sidewalk on an unfamiliar street shows a violation of a duty to herself that would be hard to match. *Madison v. Pickett County Bank and Trust Co.*, 33 S.W.3d 815 (Tenn. Ct. App. 2000). Therefore, we conclude that the strongest legitimate view of the evidence in the plaintiff's favor shows that she caused her own harm.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants, Kay Baker Wright and Robert Wright.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.